# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WESSIE SIMS,** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| v. | : | **NO. 12-5486** |
| **CITY OF PHILADELPHIA, et al.,** | : | |
| **Defendants.** | : | |

## O R D E R

AND NOW, this _____ day of _____, 20__, upon consideration of Defendant's Motion to Dismiss, and any response thereto, it is hereby ORDERED and DECREED that the Motion is GRANTED. It is further ORDERED that Plaintiff's Complaint is DISMISSED with prejudice.

BY THE COURT:

_____
Legrome D. Davis, J.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WESSIE SIMS,** | : | **CIVIL ACTION** |
| Plaintiff, | : | |
| v. | : | **NO. 12-5486** |
| **CITY OF PHILADELPHIA, et al.,** | : | |
| Defendants. | : | |

## MOTION TO DISMISS

Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), Defendant City of Philadelphia hereby moves this Court to dismiss Plaintiff's Complaint for failure to state a claim. In support of this Motion, Defendant incorporates by reference and relies upon the Memorandum of Law filed herewith.

Respectfully submitted,

/s/ *Anne B. Taylor*
ANNE B. TAYLOR
*Assistant City Solicitor*
Attorney I.D. No. 206057
City of Philadelphia Law Dept.
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
anne.taylor@phila.gov
Date: December 19, 2012             Ph: 215-963-5447/Fax: 215-683-5397

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WESSIE SIMS, | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | NO. 12-5486 |
| CITY OF PHILADELPHIA, et al., | : | |
| Defendants. | : | |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

**Introduction**

Defendant City of Philadelphia, by and through undersigned counsel, hereby files the following memorandum in support of its Motion to Dismiss Plaintiff's Complaint for failure to state a claim. In her complaint, Wessie Sims ("Plaintiff") takes issue with the outcome of a zoning process and appeal. See generally Compl., Doc. No. 1.

Because Plaintiff does not allege the existence of a policy, practice or procedure that was the moving force behind her alleged wrongs, she fails to state a claim against the City of Philadelphia and dismissal is appropriate.

**Procedural and Factual History**

Plaintiff's Complaint was filed on September 25, 2012. See Compl. Defendant City of Philadelphia was served on November 23, 2012. In her Complaint, Plaintiff alleges that her rights were violated during the course of an application for a zoning variance for a property she owns and subsequent denial of that variance. See generally Compl. She also contends that she was subjected to racial discrimination, a conspiracy, and fraud. See id.

**Standard of Review**

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a pleading for "failure to state a claim upon which relief can be granted." "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Capogrosso v. Supreme Court of N.J., 588 F.3d 180, 184 (3d Cir. 2009) (alteration in original) (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)). Thus, a claim "must include at least a discernible factual basis to survive a Rule 12(b)(6) dismissal." Id. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

"[A] pro se complaint is held to a less stringent standard than a formal pleading drafted by lawyers, and it should only be dismissed if it appears 'beyond a doubt that the plaintiff can prove no set of facts in support of [his] claim.'" Morales v. Berks Cnty. Prison, No. 10-5117, 2011 U.S. Dist. LEXIS 75899, at *4 (E.D. Pa. July 14, 2011).

**Argument**

Plaintiff names the City of Philadelphia as a defendant in this case, but her Complaint is otherwise utterly devoid of allegations regarding the City. See Compl. Absent any allegations of a municipal policy, practice or custom that was the moving force behind her alleged constitutional violation, Plaintiff fails to state a claim against the City.

To establish municipal liability under § 1983, a plaintiff must demonstrate that the municipality itself, through the implementation of a policy or custom, caused the underlying

constitutional violation. Monell v. Dept. of Soc. Svcs., 436 U.S. 658 (1978). Stated another way, Monell dictates that a municipality cannot be held liable under a theory of *respondeat superior*; instead, it can only be held liable where evidence establishes that the alleged constitutional violation was the result of a municipal policy, custom or practice. Id. at 691-95. "The 'official policy' requirement was intended to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible." Pembaur v. City of Cincinnati, 475 U.S. 469, 479 (1986). Upon careful review, Plaintiff's Complaint contains no allegation of either an official policy or a municipal custom that violated Plaintiff's constitutional rights.

"Policy is made when a 'decisionmaker possess[ing] final authority to establish municipal policy with respect to the action' issues an official proclamation, policy, or edict." Andrews v. City of Philadelphia, 895 F.2d 1469, 1480 (3d Cir. 1990) (quoting Pembaur, 475 U.S. at 481). Custom, in turn, can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law. Id. at 1480; see also Fletcher v. O'Donnell, 867 F.2d 791, 793-94 (3d Cir. 1989) ("Custom may be established by proof of knowledge and acquiescence"), cert. denied, 492 U.S. 919 (1989). In short, Monell liability must be founded upon evidence that the government unit itself supported a violation of constitutional rights. Bielevicz v. Dubinon, 915 F.2d 845, 849-50 (3d Cir. 1990). Furthermore, before municipal liability will be imposed, Plaintiff must prove that the municipality's alleged unconstitutional practices are "so widespread as to have the force of law." Bd. of Commrs. of Bryan Co. v. Brown, 520 U.S. 397, 404 (1997). The plaintiff must also allege "a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." City of Canton v. Harris, 489 U.S. 378, 385 (1989). Here,

Plaintiff ultimately bears the burden of proving that the municipality policy was the "moving force" behind her alleged constitutional harms. Bryan Co., 520 U.S. at 407-08.

Plaintiff's Complaint contains no allegation that would support of any of theory of municipal liability. The Complaint has no allegation of a training deficiency on the part of the City of Philadelphia. Nor has Plaintiff identified in her Complaint "an official with policymaking power, an affirmative proclamation of a policy, [or] evidence of acquiescence in a custom." Clifton, 2011 U.S. Dist. LEXIS 115917, at *39-40. The Complaint also lacks any allegation of a pattern or practice of the alleged misconduct. See Johnson v. Upper Darby, et al., No. 10-2091, 2011 U.S. Dist. LEXIS 111193, at *7-8 (E.D. Pa. Sept. 26, 2011). Absent any such allegations, Plaintiff has failed to state a claim that a municipal policy, practice or custom, or a municipal failure to, e.g., train district attorneys, was the moving force behind her alleged constitutional wrongs. See, e.g., Russell v. City of Philadelphia, et al., No. 08-5442, 2010 U.S. Dist. LEXIS 50456, *6-7 (E.D. Pa. May 20, 2010); Boria v. Bowers, No. 06-4384, 2009 U.S. Dist. LEXIS 57005, at *44-45 (E.D. Pa. Mar. 31, 2009); King v. Ridley Twp., No. 07-0704, 2008 U.S. Dist. LEXIS 103153, at *14-16 (E.D. Pa. Dec. 19, 2008).

**V. Conclusion**

For the foregoing reasons and based upon the authorities set forth herein, Plaintiff has failed to state any claims upon which relief can be granted. Defendant thus respectfully requests that Plaintiff's claims be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).

                                                  Respectfully submitted,

                                                  <u>/s/ *Anne B. Taylor*</u>
                                                  ANNE B. TAYLOR
                                                  *Assistant City Solicitor*
                                                  Attorney I.D. No. 206057
                                                  City of Philadelphia Law Dept.
                                                  1515 Arch Street, 14th Floor
                                                  Philadelphia, PA  19102
                                                  anne.taylor@phila.gov
Date: December 19, 2012                    Ph: 215-963-5447/Fax: 215-683-5397

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WESSIE SIMS,** | : | CIVIL ACTION |
| **Plaintiff,** | : | |
| v. | : | NO. 12-5486 |
| **CITY OF PHILADELPHIA, et al.,** | : | |
| **Defendants.** | : | |

## CERTIFICATE OF SERVICE

Undersigned counsel hereby verifies that, on December 19, 2012, she personally caused to be served upon the following a true and correct copy of the foregoing Motion to Dismiss Plaintiff's Complaint and brief in support thereof, via postage prepaid U.S. mail to:

Wessie Sims
4925 W. Stiles Street
Philadelphia, PA  19132
*PRO SE*

                                                  /s/ Anne B. Taylor
                                                  ANNE B. TAYLOR
                                                  Assistant City Solicitor
                                                  Attorney I.D. No. 206057
                                                  City of Philadelphia Law Dept.
                                                  1515 Arch Street, 14th Floor
                                                  Philadelphia, PA  19102
                                                  anne.taylor@phila.gov
Date: December 19, 2012               Ph: 215-963-5447/Fax: 215-683-5397