IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **WESSIE SIMS** <br> Plaintiff <br> vs. <br><br> **CITY OF PHILADELPHIA, et al** <br> Defendants | CIVIL ACTION <br><br> NO: 12-5486 |

## ORDER

AND NOW, this _____ day of _____ 20____, upon consideration Defendants' Motion to Dismiss and Plaintiff's Response thereto, it is hereby ORDERED AND DECREED that the Motion is DENIED. It is Ordered that the complaint is dismissed, with leave to file an amended complaint with twenty days (20) from the date of this order.

BY THE COURT:

_____
Legrome D. Davis, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WESSIE SIMS | : | CIVIL ACTION |
|     Plaintiff | : | |
| vs. | : | NO: 12-5486 |
| | : | |
| | : | |
| CITY OF PHILADELPHIA, et al | : | |
|     Defendants | : | |

## RESPONSE TO MOTION TO DISMISS

Wessie Sims, plaintiff in the captioned action, replies to the Defendants' Motion to Dismiss and respectfully requests that the motion be denied. The Complaint and in the alternative the Amended Complaint states a claim on which relief can be granted and there are material issues of fact, as set forth in the memorandum of points and authorities, and incorporated by reference.

Respectfully submitted.

/s/ Sharon N. Harvey
SHARON N. HARVEY
Attorney for Plaintiff
Harper & Paul
140 West Maplewood Avenue
Philadelphia, PA 19144
(215) 844-4848

January 7, 2013

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WESSIE SIMS** | : | **CIVIL ACTION** |
| Plaintiff | : | |
| vs. | : | **NO: 12-5486** |
| | : | |
| **CITY OF PHILADELPHIA, et al** | : | |
| Defendants | : | |

## PLAINTIFF'S MEMORANDUM OF LAW IN
## OPPOSITION TO THE MOTION TO DISMISS

### INTRODUCTION:

Plaintiff by and through the undersigned counsel, hereby files the memorandum of law in opposition to Defendant City of Philadelphia's Motion to Dismiss. Plaintiff, filed a pro se complaint under state law claims and federal claims for violation of her due process rights.

### PROCEDURAL FACTUAL HISTORY

Plaintiff filed a pro-se Complaint on September 25, 2012, against City of Philadelphia, Zoning Board of Adjustments, individual members of the Zoning Board of Adjustments Department of License and Inspection, Plans Examiner and the Commonwealth of Pennsylvania.

Plaintiff withdrew her claims against the Commonwealth of Pennsylvania. Pro-se plaintiff alleges in short and plain statements that she was denied her due process rights before the Zoning Board of Adjustment which is an instrument of City of Philadelphia.

Zoning Board failed to follow its policies and procedures when it voted on unrelated issues where no testimony was taken.

Plaintiff filed for a variance to rent 5 rooms in the three story house on 2103 North Woodstock Street, Philadelphia, Pennsylvania. On March 3, 2010, a public hearing was held. After the public hearing the Zoning Board of Adjustments on September 15, 2010, denied the requested variance. Four members of the Board heard the case and only two of the four voted. A member whom did not hear the case on March 3, 2010, voted, after reviewing the transcripts. This is a violation of the Board policy and procedures.

**Argument**

In initialing an action the plaintiff must plead a claim for relief "by briefly describing the events. At this stage plaintiff receives the benefit of imagination so long as the hypothesizes are consistent with the complaint" as held in Coney v. Gibson, 355 U.S. 41 (1957).

In the instant case the pro se plaintiff alleged the relationship between the Zoning Board of Adjustment and License and Inspection Department both are supervised by the City of Philadelphia. The Zoning Board of Adjustment is a quasi judicial body designed to hear cases in reference to zoning and variances within the City of Philadelphia. License and Inspection is a department governed by the City of Philadelphia.

The Court has consistently found that the Federal Rules of Civil Procedure require, that a Complaint must identify the basis of jurisdiction and contain "a short and plain statement of the claim showing that the pleader is entitled to Relief. As held in Bartholet v. Reishauer A.G, 953 F2d 1073(7th Cir 1992). Ms. Sims, stated the jurisdictional claims . Complaint # 3, Page 1.

Further, in both Swierkiewicz v. Soroma, 534 US 506 (2002) and Schever v. Rhodes, 416 US 232, 236 (1974) the Courts held that it has never indicated that the requirements for establishing a prima facie case also apply to the pleading standard that plaintiffs must satisfy in

order to survive a motion to dismiss.

Where in Rhodes, the Court held Rhodes- "When a federal court reviews the sufficiency of a complaint before the reception of any evidence either by an affidavit or admission, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimants are entitled to offer evidence to support the claims."

The plaintiff's inexperience of pleading non-standard pleading should not foreclose her rights to amend the Complaint and move forward with the case against the City of Philadelphia and the entries it governs.

## CONCLUSION

For the foregoing reasons the undersigned counsel and former pro-se plaintiff requests the Motion to Dismiss be denied, and additional twenty (20) days for counsel to file an Amended Complaint.

Respectfully submitted.

*/s/ Sharon N. Harvey*
SHARON N. HARVEY
Attorney for Plaintiff
Harper & Paul
140 West Maplewood Avenue
Philadelphia, PA 19144
(215) 844-4848

January 7, 2013

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WESSIE SIMS** | : | **CIVIL ACTION** |
| Plaintiff | : | |
| vs. | : | **NO: 12-5486** |
| | : | |
| | : | |
| **CITY OF PHILADELPHIA, et al** | : | |
| Defendants | : | |

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certify that a true and correct copy of the foregoing Response to the Motion to Dismiss and Memorandum of Law was served by first-class United States mail, postage pre-paid on January 7, 2013 to :

    Name:        Anne B. Taylor Esquire
                          Law Department, City of Philadelphia
                          14th Floor, 1515 Arch Street
                          Philadelphia, PA 19102


Dated: January 7, 2013                    By:  */s/SHARON N. HARVEY*
                                                    SHARON N. HARVEY, ESQUIRE
                                                    Attorney for Plaintiff
                                                    Harper & Paul
                                                    140 West Maplewood Avenue
                                                    Philadelphia, PA 19144
                                                    (215) 844-4848