IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WESSIE SIMS** | : | **CIVIL ACTION** |
| Plaintiff | : | |
| vs. | : | **NO: 12-5486** |
| | : | |
| **CITY OF PHILADELPHIA, et al** | : | |
| Defendants | : | |

## NOTICE OF APPEAL

Notice is hereby given that Plaintiff Wessie Sims hereby appeals to the United States Court of Appeals for the Third Circuit from the order entered in this action on January 9, 2013 (Doc. 11) and by order filed on January 10, 2013 (Doc 12) granting Defendant's Motion for Relief and Dismissing the said Defendants. A copy of the orders from which Wessie Sims appeals are attached hereto as Exhibit A.

Dated: February 11, 2013                     Respectfully submitted.

*/s/ Sharon N. Harvey*
SHARON N. HARVEY (I.D. No. 44992)
Harper & Paul
140 West Maplewood Avenue
Philadelphia, PA 19144-3307
Telephone: (215) 844-4848
Facsimile: (215) 864-8999
Email: sharonh60@aol.com

Attorney for Plaintiff

# CERTIFICATE OF SERVICE

The undersigned attorney certifies that, on this date she caused to be served copies of the foregoing Notice of Appeal of Plaintiff Wessie Sims, by email via the ECF system on all counsel of record and by bothe ECF and United States first class mail upon the following:

>Anne B. Taylor Esquire
>Law Department, City of Philadelphia
>14th Floor, 1515 Arch Street
>Philadelphia, PA 19102
>Email: anne.taylor@phila.gov, craig.staw@phila.gov

Dated: February 11, 2013

/s/ *SHARON N. HARVEY*
SHARON N. HARVEY, Esquire

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WESSIE SIMS | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA, et al. | : | NO. 12-05486 |

### ORDER

AND NOW, this 9th day of January, 2013, it is hereby ORDERED as follows:

1. Plaintiff has failed to effectuate proper service of process upon the following individually named Defendants: Lynette M. Brown, Carol B. Tinari, Anthony Lewis, Sam Staten, Jr., Martin G. Bednarek, Mary Jane McKinney, Larissa Klevan, Christine Quinn, and John V. Wolfe (collectively "the named Defendants").

2. Failure to effectuate proper service of process upon the named Defendants within 120 days of the filing of Plaintiff's Complaint may result in the named Defendants' dismissal, under Federal Rule of Civil Procedure 4(m).

3. Plaintiff may refer to Federal Rule of Civil Procedure 4(e) and Pennsylvania Rule of Civil Procedure 422 for guidance in effectuating proper service upon the named Defendants.

BY THE COURT:

/s/ Legrome D. Davis

Legrome D. Davis, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WESSIE SIMS | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA, et al. | : | NO. 12-05486 |

ORDER

AND NOW, this 10th day of January, 2013, upon consideration of Defendant City of Philadelphia's Motion to Dismiss (Doc. No. 8) and Plaintiff's Response thereto (Doc. No. 10), it is hereby ORDERED that the Motion is GRANTED. The Clerk of Court shall terminate the following parties from this action: City of Philadelphia, Zoning Board of Adjustments, City and County of Philadelphia.[1]

I. Factual Background

Plaintiff brings this civil rights action against the City of Philadelphia and several members of the City of Philadelphia Zoning Board of Adjustments ("Zoning Board") in their individual capacities. Plaintiff alleges that Defendants violated her right to due process under the Fourteenth Amendment by denying her a variance to run a five-room boarding house on property that does not meet the square-footage requirements for such use.

Specifically, Plaintiff alleges that on December 1, 2009, she applied to the Philadelphia Department of Licenses and Inspections ("L&I") for a zoning permit to run a five-room boarding

---

[1] While Plaintiff's Complaint and the docket in this matter erroneously list the City of Philadelphia, the Zoning Board of Adjustments, and the City and County of Philadelphia as separate parties, these parties collectively comprise the City of Philadelphia for the purposes of Plaintiff's claims and for our analysis here.

house. (Doc. No. 1 at 1).[2] L&I denied the permit on January 20, 2010, because Plaintiff's property does not meet the minimum required square-footage for such use. (Doc. No. 1 at 2). Plaintiff appealed L&I's decision to the Zoning Board, and a public hearing was held on March 3, 2010. (Doc. No. 1 at 2). Plaintiff alleges that at this hearing, members of the Zoning Board purposefully and fraudulently mislead her by expressing concerns about structural aspects of her property, which fully complied with the Philadelphia Zoning Code. (Doc. No. 1 at 3).

Subsequent to March 3, 2010 hearing, Plaintiff engaged in preliminary efforts to remedy the Zoning Board's structural concerns and notified the Zoning Board of her efforts. (Doc. No. 1 at 12). Nonetheless, on September 15, 2010, the Zoning Board voted to deny Plaintiff's requested variance, on the basis of her property's continued non-compliance with the Zoning Code's square-footage requirements. Plaintiff appealed the Zoning Board's decision to the Pennsylvania Court of Common Pleas, which affirmed the Zoning Board's decision. (Doc. No. 1 at 20).

Plaintiff filed a pro se complaint in this action, alleging that the Zoning Board violated Plaintiff's Fourteenth Amendment right to substantive due process by violating the Zoning Board's internal procedures and by fraudulently encouraging Plaintiff to alter her property's structure, when: (1) Plaintiff's property fully complied with the Zoning Code's structural requirements, and (2) the Zoning Board planned to deny Plaintiff's requested variance on the basis of the property's non-compliance with the Zoning Code's square-footage requirements. We interpret Plaintiff's civil rights claims as arising under 42 U.S.C. § 1983.

Currently before the Court is the City of Philadelphia's Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6). An attorney has entered an appearance on behalf of Plaintiff and filed a Response to the City of Philadelphia's Motion. For the reasons set forth below, the

---

[2] As Plaintiff's Complaint does not include clear page numbers, we reference the page numbers provided by ECF.

2

City's Motion is GRANTED.

## II. Standard of Review

Pursuant to Rule 12(b)(6), a complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "The plausibility standard 'asks for more than a sheer possibility that a defendant has acted unlawfully.'" Miles v. Twp. of Barnegat, 343 F. App'x 841, 844 (3d Cir. 2009) (quoting Iqbal, 129 S. Ct. at 1949). Rather, plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Gelman v. State Farm Mut. Auto. Ins. Co., 583 F.3d 187, 190 (3d Cir. 2009) (quoting Iqbal, 129 S. Ct. at 1949).

When evaluating a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), "the facts alleged [in the complaint] must be taken as true and a complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits." Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). While we must draw all reasonable inferences in favor of the plaintiff, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Additionally, the "presumption of truth" does not apply "to legal conclusions couched as factual allegations or to '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" Miles, 343 F. App'x at 845 (quoting Iqbal, 129 S. Ct. at 1949).

III.   Discussion

Defendant argues that we should dismiss the City of Philadelphia from this action, because Plaintiff fails to allege that a policy or custom caused her injuries as required by <u>Monell v. New York Department of Social Services</u>, 463 U.S. 658, 98 S.Ct. 2018 (1978). Plaintiff responds to Defendant's Motion by restating the standard of review under Rule 12(b)(6). Plaintiff does not address Defendant's arguments under <u>Monell</u>.

A.   Standard of Review

42 U.S.C. § 1983 provides a federal cause of action for a plaintiff whose constitutional rights have been violated by a person acting under color of state law. <u>Natale v. Camden County Corr. Facility</u>, 318 F.3d 575, 580–81 (3d Cir. 2003).

A municipality is liable under Section 1983, only where the municipality's "policy or custom" caused the alleged constitutional injury. <u>Monell</u>, 436 U.S. at 694. Municipal liability under Section 1983 cannot rest solely on the principle of <u>respondeat superior</u>, and a municipality will not be held liable for constitutional violations caused solely by its employees or agents. <u>Id</u>. at 690.

Under 1983, a municipal policy arises only out of a formal proclamation from a person with final authority on the matter. <u>Andrews v. City of Philadelphia</u>, 895 F.2d 1469, 1480 (3d Cir. 1990) (a policy is created when a "decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict."). A custom does not require a formal proclamation, but it must constitute a "course of conduct, [that] although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law." <u>Bielevicz v. Dubinon</u>, 915 F.2d 845, 950 (3d Cir. 1990).

B. <u>Application</u>

Plaintiff fails to state a cause of action, because Plaintiff has not alleged that her injuries result from a policy or custom of the City of Philadelphia.

Plaintiff's Complaint alleges that, at the March 3, 2010 hearing, members of the Zoning Board mislead her, by expressing concerns about structural aspects of her property, which fully complied with the Philadelphia Zoning Code. (Doc. No. 1 at 3). Plaintiff's Complaint does not articulate any allegations suggesting that the Zoning Board's allegedly misleading comments resulted from a City policy which arose out of either (1) a formal proclamation from a person with final authority on the matter, or (2) a custom so widespread that it "virtually constitute[d] law." <u>Andrews</u>, 895 F.2d at 1480; <u>Bielevicz</u> 915 F.2d at 950.

While at this point in the litigation, we hold Plaintiff to a low factual burden and accept her factual allegations as true, the facts that Plaintiff presents do not "raise a right to relief above the speculative level." <u>Twombly</u>, 550 U.S. at 555 (2007). Importantly, Plaintiff's Complaint does not present any factual allegations to suggest that the City of Philadelphia may be liable under Section 1983 pursuant to the standard set out in <u>Monell</u>.

IV. <u>Conclusion</u>

For the reasons set forth above, it is hereby ORDERED that the City of Philadelphia's Motion to Dismiss is GRANTED. The Clerk of Court shall terminate the following parties from this action: City of Philadelphia, Zoning Board of Adjustments, City and County of Philadelphia.

BY THE COURT:

/s/ Legrome D. Davis

Legrome D. Davis, J.