Clerk of the United States District Court
For the Eastern District of Pennsylvania
601 Market Street.
Philadelphia, PA 19106

Wessie Sims Plaintiff pro-se
    vs.
Defaulting Defendants.
Lynette M. Brown Chairwoman
Larissa Klevan
Martin G. Bednarek
Anthony Lewis
Mary Jane McKinney Administrator
Christine Quinn
Sam Staten Jr.
Carol B. Tinari
John V. Wolfe
City and County of Philadelphia
City of Philadelphia

CV. No. 12-5486

### Request for Default Judgment by Court
### Rule 55 (b) (2)
### Relief Sought

1. Wessie Sims plaintiff pro-se moves this court for entry of a default judgment against each and all named defaulting parties under Rule 55 (b) (2) of the Federal rules of civil p. affording plaintiff a hearing date, hearing time, and court room.
2. As further set forth in the proposed default judgment plaintiff request judgment against defaulting defendants for the damages described in her complaint filed 9-25-12 denied XIV sect 1. Judgment against each and all of them for Compensatory, General, and special damages in an amount to be determined.
3. A. By the Trier of fact
   B. Interest on the damages awarded in this action as allowed by law.
   C. Plaintiff's cost to suit and reasonable attorney fees.
   D. All other relief that is just and proper by the court.
4. Where the complaint demands trial by Jury F.R.Civ. Procedure 38.
5. Wessie Sims is entitled to punitive damages. Wessie Sims expressly request that the hearing on this application for default judgment be before a qualified jury.
6. In a case in which a party with the burden of proof fails to present a prima facie case for jury consideration the trial judge may order the entry of a verdict without allowing the jury to consider it because as a matter of law there can be only one such verdict

### Fed. Rule of Civ. P. 50 (a).

### Grounds for relief.

7. This court should enter the judgment against all named defaulting parties and in favor of Wessie Sims because: under rules of Civ. p. when a party against whom a judgment for

affirmative relief is sought has failed to answer the complaint or otherwise defend, he is in default and a judgment by default may be entered by the clerk or the court, Fed. R. Civ. p. 55.

8. The defendants never answered the complaint nor filed a responsive pleading. Under Fed. Rules of Civ. p. all affirmative defense must be raised in the responsive pleading. Fed. R. Civil p. 8 (c). A person who fails to answer may be compelled to do so under Fed. R. Civ, p. 37. Name defaulting parties are accountable for condition of being bound to respond because a wrong has occurred.
9. Plaintiff was denied due process without a hearing upon district permitted uses Title 14-205.
10. The summons signed and sealed by Deputy Clerk of court 9-25-12 if you fail to respond judgment by default will be entered against you for the relief demanded in the complaint.
11. Due process forbids condemnation without a hearing. The due process clause the two such clauses in the U.S. Constitution where the V Amend. Pertains to the Fed. Government. And the XIV Amend. which protects persons from state actions. There are two aspects: procedural and substantive which protects a person's property from unfair governmental interference.

Supreme Court October (1879)<br>ex parte Virginia

12. Sect 3 reads in part: whoever by virtue of his public position under a state government deprives another of life, liberty, or property without due process of law or denies or takes away the equal protection of the laws violates that inhibition.
13. Sect 2: The section of the act entitled, an act to protect all citizens in their civil and legal rights approved March 1 (1875).

See: The courts conclusion in United States V. classic 313, U.S. 299, 326, (1941).

14. Defaulting parties has not appeared in this action and is not entitled to notice of this application for entry of a default judgment.
15. The original complaint in this action sets out a valid claim under XIV sect. 1. by virtue of the default, named defendants may not challenge any of the factual allegations supporting that claim in the complaint, denied due process.
16. The terms of relief in the requested judgment will be established by the evidence presented at the hearing.
17. Defaulting parties are not minors or incompetent persons.
18. Civil Relief act (50 U.S. C. app. 521.):
Affiant is unable to determine if named defaulting parties are now, or ever was in military service.
19. This request is based on the accompanying affidavit, the accompanying memorandum of law, on all of the pleadings, papers and letters on file in this action. Attached supporting documents, and on whatever evidence and arguments is presented at a hearing on this request.

By Wessie Sims pro-se<br>4925 W. Stiles Street<br>Philadelphia, PA 19131

2

In Support of Application

1. The basis for the decision stems from an invalid vote of the board. And:
2. The city never agued the issues raised in the complaint such as the vote of the board etc.
3. At the March 3, 2010 hearing four members of the board shall constitute a quorum for any public hearing to proceed as required under Title 14-1805.
4. At the hearing four members of the board were present, which means that a minimum of three members who were present at the hearing needed to vote on the variance. Of the four present at the hearing only Lynette M. Brown chairwoman and Carol Tinari voted.
5. The third vote came from Sam Staten Jr. who merely voted by reading the hearing transcript. And was not actually in attendance at the hearing March 3, 2010.
6. Members Martin G. Bednarek present and Anthony Lewis present but did not vote.
7. Under Title 14-1805 hearings: sect. 6 the board shall keep minutes of its deliberations showing the vote of each member upon each question or if absent are failing to vote indicating such fact , and shall keep records of its hearings. Vote of the board attached next page.
8. The board did not indicate why the members present did not vote nor why the members were absent as required under Title 14-1805.
9. A quorum is a majority of the entire body.
10. e.g. a quorum of a state supreme court. The idea of a quorum is that , when that required number of persons goes into a session as a body, such as directors of a corporation, the votes of a majority thereof are sufficient for binding action.

Benintendi V. Kenton Hotel
294, N.Y. 112, 60, N.E. 2d. 829, 831.

11. In the absence of any law or rule fixing the quorum, it consists of a majority of those entitled to act.
12. The board failed to follow the requirements set forth under the Philadelphia code 14-1805 hearings and:
13. Mary Jane McKinney signed an invalid vote of the board, who is the board's administrator.
14. This invalid vote is void and nugatory having no legal force or binding effect, unable in law, to support the purpose for which it was intended.

Hardison V. Gledhill, 72 Ga. App.
432, 33, S.E. 2d. 921, 924

15. This invalid vote of the board is void and wholly ineffective, and inoperative and which thus has no force or effect so that nothing can cure it.

In re Oliver Bkrtcy Minn.
38, B.R. 245, 248.

16. This vote of the board offends public policy.

3

The Board denied the variance for reasons unrelated to the zoning code.
17. Philadelphia building construction and occupancy code pm-405.1.2. as one bathroom is required for six individuals and :
18. Where plaintiff would only have five individuals.
19. The board complained that there was only one bathroom for five individuals where the code requires only one.
20. The requisite number of fire escapes is defined in the Philadelphia building construction and occupancy code, which provides in pertinent part:
21. Where a building with one exit was constructed in conformance with the building code in affect at the time the building was constructed the single exit is acceptable provided it is in accordance with one of the following conditions:
22. Not exceeding three stories above grade. The property in question is a three story building not exceeding above grade:
23. Having not one but three exits, the property is in full compliance with the Philadelphia codes.
24. The variance was denied in reference to the requisite size of the yard, yet at the hearing the board made no mention of the size of the yard there was no hearing at all upon yard space.
25. Title V-Commission on civil rights sect. 102 of the civil rights act of (1957): an accurate transcript shall be made of the testimony of all witnesses at all hearings either public or executive sessions of the commission or of any subcommittee thereof.
26. This type of analysis has been employed in cases such as Detwiler V. Zoning hearing Bd. of Lower Salford Tp. Wherein the court upheld the grant of a variance where the zoning code required a yard size that would have made the planned residence impossible. 596 A. 2d. 1156 (PA Cmwlth 1991) the commonwealth court noted that with regards to dimensional variances, we have held on numerous occasions that where the yard requirements make the construction of a residence impossible, an unnecessary hardship results to the landowner, ld at 1159.
27. This is an unreasonable requirement to impose upon a home owner for the sake of having a larger yard. Logan Square instructs that a homeowner is not required to reconstruct a home to come into conformity with zoning requirements.
28. Logan Square stands for the proposition that property owners are not required to reconstruct a building to a conforming use regardless of the financial burden. Logan square neighborhood ass'n v. zoning bd. of adjustment, 379, A.2d, 632, 634. (PA. cmwlth 1977).
29. See: Also O'Neil v. Philadelphia Zoning Bd of adjustment 120, A. 2d. 901, 904. (PA cmwlth 1956)
30. This is impossible to expand her yard to 544 square footage.
31. See district permitted uses in an R-10 district Title 14-205 for the first family/single family required rear yard footage.
32. See: Village of Euclid v. Ambler Realty Co. 272 U.S. 365, 47 Supreme Ct. 114, 71, L. Ed.
33. Thus a property owner can from the zoning map by reference to the district's restrictions what uses are permitted.

Memorandum of Law<br>
<u>False Statements:</u>

1. The city attorney's brief filed 5-13-2013 indicates that the law department did not enter an appearance on behalf of the non-served individual defendants. This argument was submitted on appeal claiming the defendants were non-served. This statement was false.
2. U.S. Postal Service confirmed by its article no. day, date and time delivered Wed, Nov. 21st 2012.
3. Time delivered 1:38 pm. to the zoning board of adjustment.
4. When they are so delivered they are then said to have been served.
5. A false statement knowingly, false and made recklessly without honest belief in its truth and with purpose to mislead or deceive.

Third nat. Bank v. Schatten C.C.A. Tenn.<br>
81, F. 2d. 538, 540.

6. Where the attorney submitted on appeal a non-served false statement this caused plaintiff a corrupt and appeal of false judgment.
7. Falsus in uno, Falsus in omnibus:
   False in one thing, false in everything.

See: Dawson v. Bertolini,<br>
<u>70 R.1.325, 38, A. 2d. 765, 768.</u>

8. An incorrect statement made with knowledge of incorrectness and with reckless indifference to actual facts and with no reasonable ground to believe it correct.

International Shoe Co v. Lewine C.C.A<br>
<u>Miss, 68, F. 2d. 517, 518,</u>

9. Thus the phrase an action will not lie means that an action cannot be sustained, that there is no ground upon which to found the action.

<u>Where False Representation Applies</u><br>
<u>in this entire case:</u>

10. The federal criminal statute governing false statements applies to three distinct offenses: Falsifying, concealing, or covering up a material fact by any trick, scheme or device, making false fictitious or fraudulent statements or representations, and making or using any false documents or writing.

<u>18 U.S. C.A. 1001</u>

11. Such or more than erroneous or untrue and import intention to deceive

Schapiro v. Tweedie Foot wear<br>
<u>Corporation, C.C.A. PA. 131, F. 2d. 876. 878.</u>

5

12. It is a crime under state and federal statutes, for a person knowing that he has no privilege to do so, to falsify with purpose to deceive or injure anyone or to conceal any wrongdoing.

See: E.g. model penal code,
224. 4, 18 U.S. C.A. 1506, 2071, 2073.

13. False which renders a person liable.
14. Where the city filed a motion to dismiss for failure to state a claim Fed. R. Civ. p. 12b. plaintiff stated a claim for relief denied due process XIV sect. 1. and:
15. Where the motion to dismiss filed in the district court but did not raise validity of service in the district court it cannot be raised on appeal in the 3rd circuit court.

See: Harris v. City of Philadelphia 35, F. 3d. 840, 845 3rd cir. (1994)

16. Arguments not raised below cannot be raised for the first time on appeal. And therefore waiving the issue:
17. And where there were no objections whatsoever such objections are important so that such will appear on the record for purposes of appeal.

Fed evid. R. 103 (a)(1) and Fed. R. civ. p. 46.

18. Contemporaneous objection rule requires that a specific and timely objection be made in the admission of evidence for the question of its admissibility to be considered on appeal.

See: Jensen v. Jensen 205, Kan, 465, 470, p, 2d, 829, 831,

19. Moreover where Zenobia Harris supervisor of the zoning board from president Darrel Clarke's office councilman at that time. Testified at the hearing March 3, 2010: rooming houses is not something we necessarily tend to support. This is corrupt:
20. Where the Philadelphia Building Construction and Occupancy code pm-405.1.2 rooming houses were signed into law at council's first sitting.
21. Moreover, plaintiff was not afforded the opportunity to introduce any evidence on any issue's, fairness dictates that she be provided that opportunity. This is particularly true given that a court is obliged to consider a pro-se complaint liberally.

See: Haines v. Kerner 404, U.S. 519, 520-21

1. False representation was made by board member Anthony Lewis where he complained that there was only one bathroom for five people. Page 8 of transcript attached next page.
2. Where code pm 405.1.2 allows for six occupants for one bathroom.
3. Representation was made and it was false, board member Anthony Lewis knew it was false, plaintiff relied on and acted upon the representation.
4. Plaintiff then hired a contractor to do the drawing of the proposed new bathroom she submitted the drawing to the board on May 5, 2010.

6

5. After plaintiff submitted the drawing, she then hired a zoning attorney who made her aware that the code does not require an additional bathroom for five occupants. Drawing of new bathroom attached next page.
6. Where chairwoman complained of exits, plaintiff then hired a contractor to sketch a fire escape which was also received by the board on May 5. 2010 where the building code F-1027. 1.1 did not require additional exits.
7. Plaintiff relied on and acted upon the representation and it was false chairwoman Lynette M. Brown knew it was false.
8. Section 14-1806 states all decisions by the board shall be in writing. Notice of decision by Carol B. Tinari dated 9-15-10 is not in writing copy of decision attached.
9. The actions by board member were committed deceitfully and made with knowledge of its falsity, which caused personal injury to plaintiff.

Ch. 5 Administrative Procedure Act.

1. Ch. 5 and 556: Although the constitutional guarantee of due process does not require a particular form of procedure or a hearing at initial stage of the proceeding, but only that requisite hearing be afforded before administrative action becomes final.

See: King v. Hampton E.D. 1971.
327, F. supp. 714, affirmed.
<u>451, F. 2d. 247. 318 (1) Constitutional Law</u>

2. Hearings within section 553 and 557 of this title providing for formal agency hearing and making of record in rule making and procedure need be applied only where the agency statue, in addition to providing a hearing prescribes explicitly that it be on the record.

See: U.S. v. Allegheny-Ludlum Steel Corp.
U.S. PA. (1972) 92 Supreme Court. 1941
406, U.S. 742, 32, L. Ed. 2d. 453.
<u>Administrative Law and Procedure 400.</u>

3. Article IV. Sect 1. Full faith and credit U.S. constitution.

See: Fauntleroy doctrine handed down by the United States Supreme court in:

Fauntleroy v. Lum 210, U.S. 230, 28 S.Ct. 641, 52, L. Ed. 1039,
<u>Argued April 27-28, (1908) decided May 18 (1908).</u>

4. The Pennsylvania Constitution signed in Philadelphia in (1776). Sect. 46 the Declaration of rights is hereby declared to be a part of the constitution of this commonwealth and ought never to be violated on any pretence whatever.

7

<u>Supreme Court Oct. 1879 Ex Parte Virginia</u>

5. Section 3 whoever by virtue of his public position under a state government deprives another of life, liberty, or property without due process of law or denies or takes away the equal protection of the laws violates that inhibition.

See: the courts conclusion in United States v. Classic
<u>313, U.S. 299, 326 (1941)</u>

6. The two privileges and immunities clause: under provision of article IV. Sect. 2 the citizen of each state shall be entitled to all privileges and immunities of citizens in the several states.
7. While the XIV Amend. Provides no state shall make or enforce any law which shall abridge the privileges or immunities of citizen of the United States.
8. Plaintiff was denied due process:
9. Due process of law is stated not once but twice in the federal constitution IV AND XIV Amendment.

Respectfully Submitted,
Wessie Sims
4925 West Stiles Street
Philadelphia, PA 19131
Date 4-23-2014

Affidavit in Support of Request
to Enter the Default of Named Defaulting Defendants
Fed. R. Civ. p. 55 (a)

Affidavit of Wessie Sims.

State of Pennsylivania
County of Philadelphia.                                CV. No. 12-5486

Wessie Sims being duly sworn disposes and states:

1. My name is Wessie Sims.
2. I am over 18 years of age. I reside at 4925 W. Stiles Street in Philadelphia, Pennsylvania 19131.
3. I am fully competent to make this affidavit and I have personal knowledge of the facts stated in this affidavit.
4. I am the identity of affiant e.g. plaintiff in this action.
5. Process server James Adams address 4515 St. Malachy Way Philadelphia, Pennsylvania 19139 mailed summons and complaint on 11-20-12 to zoning board of adjustment and the Law Department on 11-20-12.
6. Two original green cards and two original receipts are attached for the Court. Along with exhibits no. of pages (4).
7. Summons and complaint was delivered on Wed. Nov. 21-2012 to zoning board of adjustment at 1:38 pm and:
8. Delivered on Wed. Nov 21-2012 at 2:59 pm to the Law Department, as confirmed by U.S. Postal service tracked and confirmed by its article numbers.
9. Named defaulting parties never answered the complaint nor filed a responsive pleading.
10. Under rule 12 Fed. R. Civ. p. the time for responding to the summons and complaint has now expired, and the time for named defaulting parties has not been extended by any stipulation of the parties or any order of the court.
11. The disbursements sought to be taxed will necessarily be incurred in this action.
12. Affidavit of service was filed and on the docket with the district court on 11-21-12.

1

I declare under penalty of perjury that the foregoing is true and correct:
Signed by me Wessie Sims 4-23- 2014 *Wessie Sims*

CC. Request for default judgment and affidavit in support of request was mailed certified with return receipt requested on 4-23- 2014 to:
Ann B. Taylor attorney I.D. no. 206057 Assistant City Solicitor
Law Dept. 14th Floor City of Philadelphia 1515 Arch St. Philadelphia, PA 19102
And Sharon N. Harvey Esq. Attorney of Record
Harper and Paul Law Firm
140 West Maplewood Ave.
Philadelphia, PA 19144

```
COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Joseph V. Ranieri, Notary Public
City of Philadelphia, Philadelphia County
My Commission Expires June 5, 2017
MEMBER, PENNSYLVANIA ASSOCIATION OF NOTARIES
```

By: Wessie Sims Pro-Se.
4925 West Stiles Street
Philadelphia, PA 19131
*Wessie Sims*

2

# NOTICE OF DECISION

**City of Philadelphia**
ZONING BOARD OF ADJUSTMENT
1401 J. F. K. Blvd. - 11th Floor
Philadelphia, PA 19102-2097

APPLICATION #: 234786    DATE OF DECISION: 09/15/10    CAL #: 10915

ATTORNEY:

APPLICANT: WESSIE SIMS
4925 WEST STILES STREET
PHILADELPHIA PA 19132

OWNER: WESSIE SIMS
4925 WEST STILES STREET
PHILADELPHIA PA 19132

PREMISES: 2103 N WOODSTOCK ST

## THIS IS NOT A PERMIT

The Zoning Board of Adjustment, having held a public hearing in the above numbered appeal, after proper public notice thereof, has decided that the request for (a) USE VARIANCE(S) is:

**DENIED**

ALL VARIANCES / CERTIFICATES / SPECIAL USE PERMITS GRANTED HEREIN ARE SUBJECT TO THE FOLLOWING CONDITIONS:

1. **A PERMIT MUST BE OBTAINED FROM THE DEPARTMENT OF LICENSES AND INSPECTIONS, PUBLIC SERVICE CONCOURSE, 1401 J. F. K. BLVD., WITHIN ONE CALENDAR YEAR FROM THE DATE OF THIS DECISION.**
2. ALL CONSTRUCTION MUST BE IN ACCORDANCE WITH PLANS APPROVED BY THE ZONING BOARD OF ADJUSTMENT.
3. A NEW APPLICATION AND NEW PUBLIC HEARING WILL BE REQUIRED FOR FAILURE TO COMPLY WITH THE FOREGOING CONDITIONS.
4. FURTHER CONDITIONS:

By Order of the ZONING BOARD OF ADJUSTMENT
CAROL B. TINARI, Sec.

NOTE: All appeals from this decision are to be taken to the Court of Common Pleas of Philadelphia County within 30 days from the date of this decision.

Respectfully submitted,

*Mary Jane McKinney*
Mary Jane McKinney
Zoning Board Administrator

## VOTE OF THE BOARD

| | |
|---|---|
| Lynette Brown-Sow | Yes with proviso - Five occupants with roll down window ladder |
| Carol Tinari | No |
| Sam Staten, Jr. | No (Read Transcript) |
| Martin G. Bednarek | Present at Hearing but did not vote |
| Anthony Lewis | Present at Hearing but did not vote |
| Peter Gonzales | Not present at Hearing and did not vote |

5

Case ID: 101001619

# MR. CONTRACTOR, INC.

**Fourth Generation Family Business**

2628-34 FRANKFORD AVENUE • PHILADELPHIA, PENNSYLVANIA 19125

PHONE (215) 423-5525          FAX (215) 423-9662

Mrs. Sims

2103 N Woodstock

Phila Pa 19121

← party Wall

Add powder room
To living room   3'6" x 5'

[O] 24 x 16 Vanity

12" RGH Toilet

← Chimney

5'0"

3'6"

Rearyard

Kitchen, Bathrooms & Carpentry – Vinyl Windows & Doors
General Remodeling
Better Business Bureau Member – Lic. #001120

1   period.

2            CHAIRWOMAN BROWN-SOW: Planning commission?

3            MS. KLEVAN: Madam Chairwoman and members

4   of the Board, this property is indicated for

5   residential use in the comprehensive plan. Planning

6   commission staff feels this application represents an

7   overuse of the property. We recommend the requested

8   variance not be granted.

9            CHAIRWOMAN BROWN-SOW: We're going to have

10  to deliberate on this. I'll tell you now our concerns

11  are more than three people. And the other issue that

12  I have is there's no exits on the second and third

13  floor and if something happens how do people get out.

14  We'll discuss it and then we'll let you know in

15  writing.

16           MEMBER LEWIS: There's also concern about

17  the bathroom, there's only one bathroom for five

18  people. They all work, what time will they start

19  getting ready to get to work. That's an issue for me.

20                              - - -

21           (Whereupon, the hearing concluded at

22  approximately 6:05 p.m.)

23                              - - -

24

*Note: Full Transcript can be produced at Hearing.*

CLASS ACT REPORTING AGENCY LLC
215.928.9760          856.235.5108

abade992-6847-4b7f-8680-72f03bd5aeb8

Case ID: 101001619

- Print your name and address... so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**B. Received by (Printed Name)**

**C. Date of Delivery**

**1. Article Addressed to:**

Zoning Board of adjustment
1401 J.F.K Blvd
room 1130
Municipal service Building
Phila, PA 19103

**D. Is delivery address different from item 1?** ☐ Yes
If YES, enter delivery address below: ☐ No

**3. Service Type**
☑ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

**4. Restricted Delivery? (Extra Fee)** ☐ Yes

**2. Article Number** (Transfer from service label)
7009 2250 0000 3881 6175

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540

---

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com

OFFICIAL USE

| | | |
|---|---|---|
| Postage | $ | 09 |
| Certified Fee | $2.75 | |
| Return Receipt Fee (Endorsement Required) | $2.35 | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | $0.00 | |
| Total Postage & Fees | $6.80 | 11/20/2012 |

Sent To: Zoning Board of adjustment room 1130
Street, Apt. No.; or PO Box No.: 1401 J.F.K Blvd municipal service
City, State, ZIP+4: Phila, PA 19103 Building

7009 2250 0000 3881 6175

PS Form 3800, August 2006   See Reverse for Instructions

or on the front if space permits.

1. Article Addressed to: City of Philadelphia
1515 arch Street
14th Floor
Law Department
Philadelphia P.A.
19103

D. Is delivery address different from Item 1? ☐ Yes ☐ No
If YES, enter delivery address below:

3. Service Type
☒ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number (Transfer from service label): 7009 2250 0000 3881 6182

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540

---

U.S. Postal Service
CERTIFIED MAIL RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com

OFFICIAL USE

| | | |
|---|---|---|
| Postage | $1.50 | 0157 |
| Certified Fee | $2.95 | Postmark Here |
| Return Receipt Fee (Endorsement Required) | $2.35 | |
| Restricted Delivery Fee (Endorsement Required) | $0.00 | |
| Total Postage & Fees | $6.80 | 11/20/2012 |

Sent To: City of Philadelphia 14th Floor Law Dept
Street, Apt. No.; or PO Box No.: 1515 arch St
City, State, ZIP+4: Philadelphia P.A. 19103

PS Form 3800, August 2006   See Reverse for Instructions

Article Number: 7009 2250 0000 3881 6182