IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WESSIE SIMS | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA, et al. | : | NO. 12-05486 |

ORDER

AND NOW, this 28th day of April 2014, upon consideration of Plaintiff's Request for Default Judgment by Court (Doc. No. 19), it is hereby ORDERED that the request is DENIED.[1]

BY THE COURT:

/s/ Legrome D. Davis

Legrome D. Davis, J.

---

[1] Plaintiff requests a default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2) and Judgment as a Matter of Law in a Jury Trial pursuant to Rule 50(a). (Doc. No. 19, at 1.)

When the clerk has entered a default against a defending party and the plaintiff's claim is not for a sum certain, the plaintiff must apply to the district court for a judgment by default under Rule 55(b)(2). Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc., 175 F. App'x 519, 521 n.1 (3d Cir. 2006). Further, Rule 50(a) sets forth the standard under which a court may grant judgment as a matter of law during a jury trial. Brownstein v. Lindsay, 742 F.3d 55, 63 (3d Cir. 2014).

This case was closed on February 6, 2013, because Plaintiff failed to state a claim upon which relief could be granted against some Defendants and failed to serve other Defendants. (Doc. Nos. 12 & 13.) Plaintiff is not entitled to the relief she seeks because this case is closed, no party is in default, and we are not conducting a jury trial. See Kim v. Marina Dist. Dev. Co., 488 F. App'x 545, 546 (3d Cir. 2012), cert. denied, 133 S. Ct. 1258 (2013).