For The Eastern District of Pennsylvania

3

Wessie Sims pro-se
plaintiff

Vs.

City of philadelphia, et al
Defendants

Civil Action

No: 12-5486

Date 2-6 2015

FILED

FEB 19 2015

MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

## Motion For Rehearing:

Wessie Sims, plaintiff in the Captioned Action, respectfully requests that the Motion For rehearing be granted. The purpose of the Motion For rehearing is to correct a Manifest Notorious error of law or facts and to present Newly discovered Evidence that the Mail was delivered.

1. Docket pursuant to Fed. R. Civ. P. 79(a).

2. Entered 11-21-12

3. Docket sheet attached.

4. The city refused personal service 10-22-12 entered 10-24-12.

5. Supporting Documents enclosed.

Respectfully submitted.

Wessie Sims.
4935 W. Stiles St.
philadelphia P.A. 19131

In The United States District Court
For the Eastern District of Pennsylvania

Wessie Sims pro-se
    plaintiff

V.

City of philadelphia etal.
    Defendants.

Civ. action
no: 125486
Date 2-6-2015

Certificate of service

The undersigned hereby Certify that a true and
Correct copy of the foregoing Response to the
Motion for Rehearing and memorandum
of law was served by first class united States
mail, postage pre-paid on 2-6-2015

All Correspondence to
attorney of Record
plaintiff's agent:
Sharon N. Harvey Esq.
By E-mail address.

Name: Anne B. Taylor Esquire
Law Department, City of
philadelphia 14th floor
1515 arch Street.
    philadelphia, P.A. 19102

By Wessie Sims pro-se.

In the United States District Court
For the Eastern District of Pennsylvania

Wessie Sims pro-se
plaintiff

Vs.
City of philadelphia, etal
Defendants

Civil action
No: 12-5486
Date: 2-6-2015

Plaintiff's Memorandum of Law in
Response to the motion to Dismiss

The city filed a motion to dismiss the Complaint
filed 9-25-12 pursuant to Rule 12(b)(6) for
failure to state a claim upon which relief
Can be granted. Fed. R. Civ. P. 12(b)(6),
The Court granted the motion 1-18-13.

A.      In re Rockefeller Ctr. props.
        Inc. sec. Litig 311, F. 3d. 198
        215-16 3rd Cir. 2002:

1. The Court Held: Dismissal under Rule
12(b)(6) is Not appropriate unless it
appears beyond doubt that plaintiff
Can prove no set of facts in support
of his claims, which would entitle
him to relief.

(1)

Federal Civil procedure 1835.
When considering a motion to dismiss
a complaint, the Court must view all the
allegations contained therein as true;

Victor P. Cifellis, plaintiff
V.
Alexander Costar et al.
Defendants Civ.A. No. 74-400

United States District Court W.D. of
pennsylvania, sept. 10, (1974).

Hains V. Kerner et al.
per curiam,
United States Court of appeals
For the Seventh Circuit No. 71-5025
argued Dec 6, 1971, Decided Jan. 13, 1972.

1. The Court held: the pro-se Complaint should
not have been dismissed Without affording
the opportunity to present evidence on
his claims *27.F.2d. 71 and:

2. The Court Conclude that the pro-se
petitioner is entitled to an opportunity
to offer proof.
The court reversed the Judgment and remanded
the Case For further proceedings.

(2)

The District Court dismissed the pro-se
Complaint Without the opportunity
To amend the Complaint.

Phillips V County of Allegheny
515 F.3d at 228, 3d. Cir. (2008).
The court held pursuant to Fed. Rule Civ. P.
12(b)(6) 28 U.S.C.A.
unless the Court finds that amendment
Would be Futile the Court must inform
plaintiff she has leave to Amend the
Complaint With a set period of time.
In the event the Complaint fails
To state a claim the District Court
must give plaintiff the opportunity
To amend the Complaint.
Shane V. Fauver, 213, F.3d-113,
3d Cir. (2000).
Because the District Court did not
Follow these dictates the 3d. Cir.
Reversed in part and Remand.

This Case Was dismissed Without
the opportunity To be Heard.
Scope:
A B A Model Code of Judicial Conduct:

(3)

Rule 2.6: Ensuring the Right To be Heard.

(A.) A Judge shall accord To every person who has a legal interest in a proceeding or that persons lawyer the right to be Heard according To the law.

(b) The right To be Heard is an essential Component of a fair and impartial system of Justice. Substantive rights of litigants Can be protected only if procedures protecting the right To be heard are observed.

Canon 2 Rule 2.7
Responsibility To Decide:

C. A Judge shall hear and decide matters assigned To the Judge except when disqualification is required by Rule 2.11 or other law.

Canon 2 Rule 2.2: impartiality and Fairness:

(4)

a Judge shall uphold and apply the law and shall perform all duties of Judicial office fairly and impartially.

Canon 2 Rule 2.2 Impartiality And Fairness:

States: It is not a Violation of this Rule for a Judge to make reasonable accommodations to ensure pro-se litigants the opportunity to have their matters fairly Heard. Where:

This Case Was dismissed Without a hearing, Constitutional Law 318:

1. Constitutional guarantee of Due process does not require a particular form of procedure, or a hearing at initial stage of the proceeding but only that requisite hearing be afforded before Administrative Action becomes final.

5 U.S.C.A. 554, 556, 702,
Due process
King V. Hampton E.D. Mo. (1971) 327, F. Supp. 714,
Affirmed 451 F. 2d. 247, Constitutional Law 318(1).

(5)

See: King V. Hampton 337, F. supp.
714, april 22, (1971).

The scope of this Court's review is set
forth in 5 U.S.C. 706:

The reviewing Court shall:

1. Compel agency action unlawfully
Withheld or unreasonably delayed; and

2. hold unlawful and set aside agency
action, findings, and Conclusions found
to be:

A. Arbitrary, Capricious, an abuse
of discretion, or otherwise not
in accordance With law.

B. Contrary to Constitutional right, power,
privilege, or immunity;

C. in excess of statutory Jurisdiction,
Authority or limitations, or short
of statutory right.

D. Without Observance of procedure
required by law.

(6)

E. unsupported by substantial evidence in a case subject to sections 556 and 557 of this title or otherwise reviewed on the record of an agency hearing provided by statute, or

F. unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court.

In making the foregoing determinations the court shall review the whole record or those parts of it cited by a party, and due account shall be taken of the rule of prejudicial error.

prejudicial error substantially affects an appellant's legal rights and obligations. Erskine v. Upham, 56 Cal. App. 2d. 235, 132. P. 2d. 219, 228. such may be ground for new trial and reversal of judgment. Fed. R. Civ. P. 59.

trial de novo: a new trial or retrial had in which the whole case is retried as if no trial whatever had been had in the first instance. Housing Authority of the city of Newark v. Norfolk Realty Co.:

(7)

71 N.J. 314, 364, A.2d. 1052, 1058.

Due process:

It is well settled, however, that the Constitutional guaranty of due process does not require a particular form of procedure, or a hearing at the initial stage of the proceeding; but only that the requisite hearing be afforded before the administrative action becomes final.

Cf. Ewing V. Mytinger & Casselberry, 339. U.S. 594, 70 S.Ct. 870, 94 L.Ed. 1088.

Inland Empire Dist. Council, Lumber and Sawmill Workers union, Lewiston, Idaho V. Millis, 325. U.S. 697, 65. S.Ct. 1316, 89. L.Ed. 1877, Swift & Co. V. United States 7 Cir. 393. F.2d. 247.

The protection against governmental arbitrariness is the Core of Due process XIV. See; Hurtado V. California Argued January 22nd. - 23 (1884). Decided March 3d. (1884). Constitutional law.

The Cognizable level of executive abuse of power is that which shocks the Conscience e.g. id at 128. Constitutional Law 4050.

(8)

Constitutional Inference (7)

There are three possible standards
Can be used to determine whether
state action shocked the Conscience
as a required element of Due process Claims:

1. Deliberate indifference.

2. Gross Negligence, or Arbitrariness
that indeed shocks the Conscience.

3. Or intent to Cause Harm.

A. Supreme Court: The Behavior of the
Government shocks the Conscience
of a reasonable Observer.
8 County of Sacramento V. Lewis
523, U.S. 833, 118 Supreme Ct. 1708, 140,
L. Ed. 2d. 1043, (1998).

Failure to accord the parties a full
right to be Heard according to the law
in Violations of Canon 3, (a) (4) of the
Code of Conduct for U.S. Judges.

Preamble:
This code shall Constitute the Canon
of Judicial Ethics referenced in
Article V section 17 (b) of the Pennsylvania:

(9)

Constitution which states in pertinent
part: Justices and Judges shall not engage
in any activity prohibited by law,
and shall not violate any Canon of legal
or Judicial ethics prescribed by the
Pennsylvania Supreme Court.

County of Sacramento V Lewis
523, U.S. 833, 118 S. Court 1708,
140, L, Ed. 2d. 1043, (1998).

The Court Held: The Behavior of the
Government shocks the Conscience
of a reasonable Observer.

Amendment XIV U.S.CA
Constitutional law 4050.

Three possible standards Can be Used
to determine Whether State action shocked
the Conscience required element
of Due process.

1. Deliberate indifference, (2) Gross
Negligence, or Arbitrariness that
indeed shocks the Conscience.
Or intent to Cause Harm.
Defendant's Were Deliberately indifference.
A Breach of Duty.

(10)

The policy maker is responsible for the policy or through acquiescence for the custom as stated by the Supreme Court in Jett v. Dallas Independent School District, U.S. 109, S. Ct. 2702 2723, 105, L. Ed. 598, (1989).

Municipal policy inflicts the injury. 42 U.S.C.A. 1983.

Local Governing bodies and local officials sued in their official (capacities) can be sued directly under 1983 for monetary, Declaratory and injunctive relief in those situations the policy statement, ordinance, regulation or decision officially adopted or promulgated by those who edicts or acts may fairly be said to represent official policy. Municipalities have no reliance interest that would support an absolute immunity PP. 699-700. Decision maker established a policy or well settled Custom.

The policy maker was Deliberately indifferent to the need. The municipal action was taken with Deliberate indifference to its Known or obvious Consequences. The policy maker has failed to act affirmatively at all. The need to take some action to Control its employees.

12

*Ex parte Virginia*
Supreme Ct. Oct. (1879).

sect. 3. The inhibition contained in the Fourteenth
Amendment means that no agency of the State,
or of the officers or agents by whom her
powers are exerted shall deny to any person
within her jurisdiction the equal protection
of the laws. Whoever by virtue of his public
position under a State deprives another
of life, liberty, or property, without due process
of law, or denies or takes away the equal
protection of the laws, violates that inhibition.
and as he acts in the name of and for the State,
and is clothed with her power, his act is her
act. otherwise, the inhibition has no meaning,
and the State has clothed one of her agents
with power to annul or evade it.

sect. 4. That Amendment was ordained to secure
equal rights, to all persons.
To render its purpose effectual, Congress
is vested with power to enforce its
provisions by appropriate legislation.
Such legislation must act, not upon the
abstract thing denominated a state, but
upon the persons who are its agents
in the denial of the rights which was intended
to be secured. Such is said act of March 1 (1875)
and is fully authorized by the Constitution.

13

There are two privileges and immunities Clause:

1. The provision in art. IV states that the citizens of each State shall to all privileges and immunities of citizens in the several States.

2. While the XIV Amendment provides that no State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the united States.

Toomer V. Witsell, 334, U.S. 385, 68, Supreme Ct. 1156, 92, L. Ed. 1460.

Privilege is a particular benefit, an advantage enjoyed by a person, Company, or class, beyond the Common advantages of other citizens, an exceptional and extraordinary power or exemption.

A State law that immunizes Government Conduct otherwise subject to suit under 42 U.S.C.A. 1983 is preempted.

Felder V. Casey, 487, U.S. 131, 108 S. Ct. 2302, 101, L. Ed. 2d. 123.

## Standard of Review

42 U.S.C. 1983 provides a Federal Cause of action for a plaintiff whose Constitutional rights have been Violated by a person acting under color of state law. Natale V. Camden County Corr. Facility 318 F. 3d. 575. 580.—81 3d. Cir. (2003).

A municipality is liable under Section 1983, where the municipality's policy or Custom Caused the alleged Constitutional injury. Monell 436 U.S. at 694, (1978).

civil Rights 13, 42 U.S.C.A. 1983.

The Defendants acted under Color of a Statute Ordinance, regulation Custom or usage of State or territory and deprived plaintiff of a right, privilege or immunity secured by the Constitution and laws of the United States are essential elements of a claim under section of civil rights act making one who, acting under color of state law, subjects any citizen to deprivation of any rights, privileges, or immunities secured by the Federal Constitution and laws of the United States liable to injured party in action at law. The policy Caused a Constitutional Violation by employees.

15

The Sherman Amendment to the Bill which became the Civil Rights act of (1871) 17 stat.13 the precursor of (1983) The Amendment Would have Held a municipal Corporation liable for Damage done to the person or property of its inhabitents by private persons Riotously and Tumultuously assembled. Cong. Globe; 42d Cong. 1st. sess; 749 (1871).

A Cause of action was given to persons injured by any persons Riotously and Tumultuously assembled together with intent to deprive any person of any right Conferred upon him by the Constitution and laws of the United States. april 18, (1871) The first Conference Committe Completed its Work on H.R. 320. The Conference Committe Draft of the Sherman Amendment 17 Stat 13.

It is when execution of a Governments policy or Custom, whether made by its Lawmakers Or by those whose edicts or acts may fairly be said to represent official policy inflicts the injury that the Government as an entity is responsible under (1983) This Case involves official policy as the Moving Force of the Constitutional Violation.

16

The Zoning Board of adjustment members, who are individual defendants fraudulent misrepresentation resulted from a city policy which arose out of a formal proclamation from a person with final authority

Andrews v. city of philadelphia.
895 F.2d. 1469, 1480, 3d. cir (1990).

The municipalitys policy was the direct cause of plaintiffs injury.

Monell v. new york Department of social Services. 463, 415. 658, 98 S. Ct. 218, (1978).

Final authority Establish municipal policy with respect to the action issues an official proclamation, policy, or edict.

A custom does not require a formal proclamation, but it must constitute a cause of conduct is so well settled and permanent as virtually to constitute law. Bielevicz v. Dubinon

915, F.2d. 845, 950. 3d. cir (1990).

Andrews 895, F.2d, at 1480.

17

. At the March 3d. 2010 Hearing:

. The planning Commission stated:

1. Allowing the owner to use the subject property as a rooming house for five occupants would respresent an overuse of the subject property.

This was False: where Code 14.205 district permitted uses in an R-10 District allows multiple uses.

2. Where L+I determined that the proposed use of the subject property for five occupants was prohibited under sect. 14-205, this was false.

3. Where Code pm-405.1.2 allows 4 occupants's and one bathroom. plaintiff would only have five.

4. Where the Chairwoman and member Complained of exits and bathrooms. They all was false.

5. At page 3 of findings of fact: Zenobia Harris from Councilman Darrell Clark's office (Councilman at that time) testified that rooming houses is not something We necessarily tend to support. See 3/3/10 N.T. at 7.

6. Although rooming Houses are permitted under the philadelphia Zoning Code. all Codes were signed in law at City Ounsel's first setting.

This entire Case was false Representation.

18

Each and all Defendants are in Violation of a Federal Statue:   Federal Criminal Statue 28 U.S.C. 1001
False Statement.

Title 42 U.S.C.A. 1983 Rev. stat. 1979
Derived from 1 of the Civil Rights act of
April 20 (1871) 17 stat. 13
provides:

That any person who under Color of any law statue, Ordinance, Regulation, Custom, or usage of any state shall subject, or cause To be subjected, any person within the Jurisdiction of the united States To the deprivation of any rights, privileges or immunities secured by the Constitution of the united States shall, any such law, statue, ordinance, Regulation, Custom, or usage of the State To the Contrary Notwithstanding be liable To the party injured in any Action at law suit in equity or other proper proceeding for redress.
Such proceeding to be prosecuted in the several District or circuit Curts of the united States.

19

| | | |
|---|---|---|
| | | WESSIE SIMS. (Attachments: # 1 Civil Cover Sheet)(jwl, ) (Entered: 09/26/2012) |
| 09/25/2012 | | Summons Issued as to MARTIN G. BEDNAREK, LYNETTE M. BROWN, CITY AND COUNTY OF PHILADELPHIA, CITY OF PHILADELPHIA, LARISSA KLEVAN, ANTHONY LEWIS, MARY JANE MCKINNEY, CHRISTINE QUINN, STATE OF PENNSYLVANIA, SAM STATEN, JR, CAROL B. TINARI, JOHN V. WOLFE, ZONING BOARD OF ADJUSTMENTS. 13 Forwarded To: pro se plaintiff on 9/26/12 (jwl, ) (Entered: 09/26/2012) |
| 10/05/2012 | 2 | MOTION FOR APPOINTMENT OF COUNSEL PURSUANT TO 28 U.S.C. 1915(d) FILED BY WESSIE SIMS.(mbh, ) (Entered: 10/05/2012) |
| 10/11/2012 | 3 | ORDER THAT PLAINTIFF'S MOTION FOR THE APPOINTMENT OF COUNSEL IS DENIED. SIGNED BY HONORABLE LEGROME D. DAVIS ON 10/10/12. 10/12/12 ENTERED AND COPIES MAILED TO PRO SE. (mbh, ) (Entered: 10/12/2012) |
| 10/24/2012 | 4 | Affidavit of Service re: JAMES ADAMS served Summons and Complaint upon SAM STATEN, JR., CAROL B. TINARI, JOHN V. WOLFE, CHRISTINE QUINN, MARY JANE McKINNEY, ANTHONY LEWIS, LARISSA KLEVAN, LYNETTE BROWN and MARTIN BEDNAREK by Personal Service on 10/22/12 (mbh, ) (Entered: 10/24/2012) |
| 11/13/2012 | 5 | MOTION TO DISMISS STATE OF PENNSYLVANIA FILED BY WESSIE SIMS..(mbh, ) (Entered: 11/14/2012) |
| 11/21/2012 | 6 | AFFIDAVIT of Service by JAMES ADAMS re: served Summons and Complaint upon CITY OF PHILADELPHIA LAW DEPT and ZONING BOARD OF ADJUSTMENT by Certified Mail Return Receipt Requested (mbh, ) (Entered: 11/21/2012) |
| 12/11/2012 | 7 | ORDER THAT PLAINTIFF'S UNOPPOSED MOTION TO DISMISS DEFENDANT STATE OF PENNSYLVANIA FROM THIS ACTION IS GRANTED. THE STATE OF PENNSYLVANIA IS HEREBY DISMISSED. SIGNED BY HONORABLE LEGROME D. DAVIS ON 12/11/12. 12/12/12 ENTERED AND COPIES MAILED TO PRO SE.(mbh, ) (Entered: 12/12/2012) |
| 12/19/2012 | 8 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM filed by CITY OF PHILADELPHIA.Memorandum, Certificate of Service.(TAYLOR, ANNE) (Entered: 12/19/2012) |
| 01/07/2013 | 9 | NOTICE of Appearance by SHARON N. HARVEY on behalf of WESSIE SIMS (HARVEY, SHARON) (Entered: 01/07/2013) |
| 01/07/2013 | 10 | RESPONSE in Opposition re 8 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM filed by WESSIE SIMS. (HARVEY, SHARON) (Entered: 01/07/2013) |
| 01/09/2013 | 11 | ORDER THAT PLAINTIFF HAS FAILED TO EFFECUATE PROPER SERVICE OF PROCESS UPON DEFENDANTS LYNETTE M. BROWN, CAROL B. TINARI, ANTHONY LEWIS, SAM STATEN, JR., MARTIN G. |

A12