IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WESSIE SIMS | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA, et al. | : | NO. 12-05486 |

ORDER

AND NOW, this 20th day of February 2015, upon consideration of Plaintiff's Motion for Reconsideration (Doc. No. 21), it is hereby ORDERED that the Motion is DENIED.

Plaintiff seeks reconsideration of the dismissal of her claims against the City of Philadelphia and several named defendants. (Pl.'s Mot. for Rehearing and Mem. of Law, Doc. No. 21.) Plaintiff argues that reconsideration is necessary "to correct a manifest notorious error of law or facts and to present newly discovered evidence that the mail was delivered." (Id.) In Plaintiff's accompanying memorandum, she contests our dismissal of her Monell claim against the City of Philadelphia under Federal Rule of Civil Procedure 12(b)(6). (Pl.'s Mem. 10–19.) We also construe Plaintiff's reference to the delivery of mail as a request for reconsideration of the dismissal of her claims against the named defendants for failure to effectuate service.

Plaintiff does not state the procedural basis for reopening her case. Because the time for altering a judgment under Federal Rule of Civil Procedure 59 has lapsed, we evaluate Plaintiff's Motion as seeking reconsideration under Rule 60(b), which offers a more expansive framework for relief from judgment. See Walker v. Astrue, 593 F.3d 274, 279 (3d Cir. 2010) ("Although the Rules contain different filing deadlines, they are substantively interchangeable, and we have held that an untimely Rule 59(e) motion should be construed as a Rule 60(b) motion."). Plaintiff's Motion is not timely under Rule 60, however, and it also fails state any valid basis for reconsideration. As such, we deny Plaintiff's Motion.

1

A motion for reconsideration under Rule 60(b) must be filed "no more than a year after the entry of judgment or order" if the motion is based on newly discovered evidence, mistake, or fraud, and "within a reasonable time" if based on other equitable grounds. Fed. R. Civ. P. 60(c). On January 10, 2013, we granted the City of Philadelphia's motion to dismiss, concluding that Plaintiff failed to state a viable claim. (Doc. No. 12.) On February 5, 2013, we dismissed Plaintiff's claims against the named defendants for failure to effectuate proper service. (Doc. No. 11.) Plaintiff filed the instant motion more than two years after the entry of each of these orders, purportedly on the basis of newly discovered evidence. As such, it is untimely under Rule 60(c).

To the extent that Plaintiff seeks reconsideration based on an alleged error of law, Rule 60(b)(6) provides the avenue for relief on equitable grounds. But Plaintiff's Motion on that basis is still barred because it was not made within a reasonable time. Plaintiff did not request reconsideration upon notice of our orders; instead, Plaintiff has spent the intervening two years continuing to litigate her case in other ways, first on appeal (Doc. No. 14), then via various letters (Docs. No. 17 and 18), and finally through a meritless request for default judgment (Doc. No. 19). In short, Plaintiff failed to pursue reconsideration of the orders which she seeks to reopen in a manner that would justify equitable relief under Rule 60(b)(6). See Moolenaar v. Gov't of Virgin Islands, 822 F.2d 1342, 1348 (3d Cir. 1987) (concluding that a Rule 60(b)(6) motion brought "almost two years after the district court's initial judgment" was not made within a reasonable time, despite the intervening appeal and remand, and explaining the high standard for relief); cf. Cox v. Horn, 757 F.3d 113, 126 (3d Cir. 2014) (noting movant's diligence in pursuing his rights, in the context of a 60(b)(6) motion).

Moreover, even if we reached the merits of Plaintiff's Motion, Plaintiff fails to present any valid basis for reconsideration. First, as to Plaintiff's claim of "newly discovered evidence

that the mail was delivered" (Pl.'s Mot.), such evidence would not suggest that dismissal for failure to effectuate service was unjust. See Fed. R. Civ. P 4(m); Fed. R. Civ. P. 4(e); Pennsylvania R. Civ. P. 422. As to Plaintiff's claim against the City of Philadelphia, we granted the City's motion to dismiss because Plaintiff failed to allege that any policy or custom caused her injuries, as is necessary for a local government to be liable under 42 U.S.C. § 1983. Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 694 (1978). This failure is fatal to Plaintiff's civil rights claim against the City. Thus, there is no basis for reconsideration of our previous orders.

## Conclusion

For the foregoing reasons, Plaintiff's Motion for Rehearing is DENIED.

BY THE COURT:

/s/ Legrome D. Davis

Legrome D. Davis, J.