In the United States District Court
For the Eastern District of Pennsylvania

Ulessie Sims pro-se plaintiff
V.
City of Philadelphia etal.
(Defendants)

Civil action
No. 12-5486
3-9-2015

## Motion for New trial.

Plaintiff respectfully request this Honorable Court set aside its initial Judgment Due to Error in law.

1. An error of the Court in applying the law to the case:

2. Opening Statement:
Plaintiff filed the original pro-se Complaint 9-25-12 under XIV sect 1. United States Constitution.

Her claim was Denial of Due process. The case was never before the Court of original jurisdiction

(1)

The City filed a motion to dismiss the Civil Complaint under Rule 12(b)(6).

3. The District Court granted the motion to dismiss under Rule 12(b)(6) on the 10th day of January 2013. for failure to state a claim upon which relief can be granted.

4. The Court held in:
Collins v. Harker Heights
503 U.S. 115 — No. 90-1279
(1992).

A. In reviewing a 12(b)(6) dismissal The court Held it is separate Nonetheless 916 F.2d. at 286-287

B. The Court Held:

C. We base our holding on the abuse of Government power standard, separate from the Constitutional deprivation element or standard.

(2)

In The United States District Court
For the Eastern District of Pennsylvania.

Wessie Sims pro-se
            plaintiff
    v.
City of Philadelphia et al.
            Defendants

civ action
No. 12-5486
Date 3-9-2015

Certificate of Service

The undersigned hereby certify that a true and correct copy of the foregoing Response to the motion for new trial and memorandum of law was served by first-class United States mail postage pre-paid on 3-9-2015

All Correspondence to attorney of Record plaintiff's Agent: Sharon N. Harvey Esq. By E-mail address

Name: Craig Shaw Esq.
Law Department
City of Philadelphia
14th Floor
1515 Arch Street
Philadelphia, P.A.
19102.

3

## Conclusion

Where a mistake of the law has an injurious effect plaintiff Respectfully request in the interests of Justice that the motion for new trial be granted.

Respectfully Submitted
Wessie Sims pro-se
4925 W. stiles street.
philadelphia, P.A.
19131
Date 3-9-2015

City of Oklahoma City vs.
United States Court of Appeals
For the tenth Circuit No. 83-1919
Argued Jan. 8 (1985) Decided June 3 (1985).
Memorandum of law:

3-9-2015

1. The Court of Appeals Held:

2. That proof of a single incident of unconstitutional activity could suffice to establish Municipal liability.

3. And that the Sherman Amendment to the 1871 Ku Klux act from which 1983 is derived, the Sherman Amendment would have Held Municipalities responsible for damage to person or property caused by private persons Riotously and Tumultuously assembled. Cong. Globe, 42d Cong. 1st Sess, 749 (187).

4. And that Congress intended that a Governmental entity be liable for the Constitutional deprivations committed by its agents in the course of their duties.
Forty second Congress sess 1.
Ch. 22, 1871, april 20 (1871.)

(A)

Collins v. Harker Heights, Texas

Certiorari to the United States Court of Appeals for the Fifth Circuit

No. 90-1279 Argued November 5, 1991.

Decided February 26, 1992.

1. The District Court dismissed the complaint on the ground that it did not allege a Constitutional Violation.

2. Without reaching the question whether the City had violated Collins Constitutional rights, the court of appeals affirmed on;

3. The theory that there had been no abuse of Governmental power, which the Court found to be a necessary element of a 1983 action. 2 id. at 287-288, n. 3.

4. The Court Held:

5. We base our holding on the abuse of Government power standard, separate from the Constitutional deprivation element or standard.

(1)

The Court Continued:

6. In reviewing this Rule 12(b)(6) dismissal, we will keep them separate:

7. The district Court appears to have merged these two standards, which are among those necessary for bringing 1983 into play here:

8. We will keep them separate:

9. It is separate Nonetheless 916 F.2d at 286-287. Holding:

10. The Statute provides the citizen with an effective remedy against those abuses of state power that Violate Federal law. The Court Continued:

11. proper analysis requires us to separate two different issues when a 1983 claim is asserted against a municipality:
1. Whether plaintiff's harm was caused by a Constitutional Violation:
2. If so, whether the City is responsible for that Violation.

(2)

6. See Oklahoma City v. Tuttle
471 U.S. 808, 817, (1985):

The Court Held:

A local Government may not be sued under 1983 for an injury inflicted solely by its employees or agents, instead it is when execution of a Government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the Government as an entity is responsible under 1983 id. at 691, 694.

The Court Continued:

Section 1983 provides a remedy against any person who, under color of state law, deprives another of rights protected by the Constitution.

In Monell, the Court held:

that Congress intended municipalities and other local Government entities to be included among those persons to whom 1983 applies. 436 U.S. at 690.

In the United States District Court
For the Eastern District of Pennsylvania.

Wessie Sims pro-se
plaintiff
V.
City of Philadelphia et al.
Defendants

Civ action.
No. 12-5486
Date 3-9-2015

Certificate of service.

The undersigned hereby certify that a true and correct copy of the foregoing Response to the motion for new trial and memorandum of law was served by first-class United States mail postage pre-paid on 3-9-2015

All Correspondence to attorney of Record plaintiff's Agent: Sharon N. Harvey Esq. By E-mail address

Name: Craig Shaw Esq.
Law Department
City of Philadelphia
14th Floor
1515 Arch Street
Philadelphia, P.A.
19102.

3

Quoting Monell, supra, at 694.

It is only when the execution of the Government's policy or custom inflicts the injury that the Municipality may be held liable under (1983).

Springfield v. Kibbe
480, U.S. 257, 267, (1987).

The Court added:

Only where a municipality's failure to train its employees in a relevant respect Evidences a deliberate indifference to the rights of its inhabitants can such a shortcoming be properly thought of as a city policy or custom that is actionable under 1983.

The Court Continued:

petitioner's Constitutional claim rests entirely on the Due process Clause of the fourteenth amendment, The most familiar office of that Clause is to provide a guarantee of fair procedure in connection with any deprivation of life, liberty, or property by a State.
See: Daniels V. Williams
474, U.S. 327, 331 (1986).

4

The Court Continued:

The section states in relevant part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage of any state subjects or causes to be subjected any citizen of the United States to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. 1983

The Due process Clause of the Fourteenth Amendment states:

nor shall any state deprive any person of life, liberty, or property without due process of law.

Ku Klux act: Federal Statute which creates civil liability for interfering with a person's Civil Rights.

C.A. 1985 (3).

(5.)

## Conclusion

Where a mistake of the law has an injurious effect plaintiff Respectfully request in the interests of Justice that the motion for new trial be granted.

Respectfully Submitted
Wessie Sims pro-se
4925 W. Stiles street,
Philadelphia, P.A.
19131
Date 3-9-2015



Office of the Clerk
United States District Court
Eastern District
601 Market St.
Philadelphia, P.A.
19106

Grace Sims
233 W. Stiles St.
P.A. 19131

U.S.M.S. X-RAY