In The United States District Court
For the Eastern District of Pennsylvania

Wessie Sims pro se
plaintiff
v.
City of Philadelphia et al
Defendants

Civ. Action
No. 12-5486
3-16-2015

Motion For Altering Judgment
Fed R. Civ. procedure 59

Plaintiff Respectfully request this Honorable Court set aside its initial Judgment on the Basis of Misrepresentation and Fraud.

1. The district Court filed a Memorandum Opinion Vacating its earlier order in Moolenaar v. Gov't of Virgin Islands 822, F.2d. 1342, (1987).

2. Finding that this Misrepresentation and circumvention by the Government was a Wrongful act and that it is inequitable for the Government to retain the benefits of those acts and omissions.

3. The Court Cited Fed. R. Civ. p. 60(b)(3), Which allows a court to reopen a Judgment based on Fraud and misrepresentation, or other misconduct of an adverse party; as authority for vacating the prior order, and ordered that the matter be Scheduled for the further taking of evidence.

(1)

plaintiff's appeal in busines project

1. where the opinion of the appellate Court states clearly that:

2. as such, the District Court had nothing upon which to rule, and We have no decision to review. No. 13-1398 at p.(5).

3. 28 U.S.C.A. 1291; Final decision rule. appeals to Federal Courts of appeals from U.S. District Courts must be from final decisions of district Courts, Because the Courts of appeals lack Jurisdiction over non Final Judgments.

4. Final decision which may be appealed to Court of appeals under 28 U.S.C.A. 1291 is one that ends litigation on merits and leaves nothing for courts to do but execute Judgment.
U.S. v. one parcel of real property with Bldgs, etc. C.A. Fla. 767, F. 2d. 1495, 1497.

5. The court Order states, We also Construe plaintiff's reference to the delivery of mail as a request for reconsideration of the dismissal of her claims against the Named defendants for failure to effectuate service, prior to filing the Complaint;

6. plaintiff was fully aware of Fed. R. Civ. P. 4-m 120 day mandate time limit for serving Summons and Complaint, from date of filing Complaint, 9-25-12, entered 11-21-12.

(2)

Final decision which may be appealed to Court of appeals under 28 U.S.C.A. 1291 ends litigation on merits and leaves nothing open for Courts to do but execute judgment.

See: U.S. V. one parcel of real property with Bldgs. etc. C.A. Fla. 767, F. 2d. 1495, 1497.

A final appealable order or judgment disposes of all issues and all parties in the case and leaves nothing for further determination.

See: Schaumburg Hunt inc. V. Parmely. Mo. app. 70, S.W. 2d. 201, 202.

The final order terminates the litigation between the parties and the merits of the case and leaves nothing to be done but to enforce by execution what has been determined.

Richerson V. Jones C.A.P.A. 551, F. 2d. 918, 921.

code de procedure civil, that part of the Code Napoleon requiring execution of judgment. Code of Federal Regulations: of

(3)

the (CFR) containing the General Body of Regulatory laws Governing practice and procedure before federal administrative agencies.

The Court states in its order filed 2-23-15 that:

1. Motion is not Timely under Rule 60 and:

2. altering a Judgment under Federal Rule of civil procedure 59 has lapsed.

United States Code annotated Federal Rules of civil procedure For the United States District Courts. Title VII Judgment.

a. Separate Document;

1. For a new trial, or to alter or amend the Judgment under Rule 59, or

2. For relief under Rule 60.

Every Judgment and amended Judgment must be set out in a Separate document.

(4)

Entering Judgment

without the Court's direction, subject to Rule 54(b) and unless the Court orders otherwise, the clerk must, without awaiting the Court's direction, promptly prepare, sign, and enter the judgment when:

A. The jury returns a General Verdict.

B. The Court awards only costs or a sum certain, or

C. The Court denies all relief.

Court's approval Required:

2. Subject to Rule 54(b) the Court must promptly approve the form of the judgment which the clerk must promptly enter, when

A. The jury returns a special verdict or a General Verdict with answers to written questions, or

B. The Court grants other relief not described in subdivision (b).

Time of Entry:

C. Judgment is entered at the following times:

(5)

A. if a separate document is required, when the judgment is entered in the civil docket under Rule 79(a) and the earlier of these events occurs.

B. 150 days have run from the entry in the civil docket.

2002 Amendments:

Rule 58 has provided that a judgment is effective only when set forth on a separate document and entered as provided in Rule 79(a). The result of failure to enter judgment on a separate document is that the time for making motions under Rule: 50, 52, 54(d)(2)(B) 59 and 60: never begins to run.

The time to appeal under Appellate Rule 4(a) also does not begin to run.

Rule 58(a) preserves the core of the present separate document requirement, both for the initial judgment and for any amended judgment. Motion time period set by Rule 59 begin to run after expiration of 150 days from entry of the judgment in the civil docket as required by rule 79(a).

(6)

In The United States District Court
For the Eastern District of Pennsylvania

Wessie Sims pro-se
plaintiff
v.
City of Philadelphia et al.
Defendants

Civ. Action
No. 12-5486
3-16-2015

Certificate of Service

The undersigned hereby Certify that a true and Correct Copy of the foregoing motion for Altering a Judgment was serviced by First Class United States mail, postage pre-paid on 3-16-2015

All Correspondence
To Attorney of Record
Plaintiff's Agent.
Sharon N. Harvey Esq.
By E-Mail Address.

To me: Craig Shaw Esq.
Law Department
City of Philadelphia
14th Floor
1515 Arch Street
Philadelphia, P.A.
19102.

## Conclusion

For all of the foregoing reasons plaintiff Respectfully request this Honorable Court Grant motion for altering Judgment.

Respectfully Submitted
Wessie Sims pro-se
4925 West Stiles St.
Philadelphia, P.A. 19131
3-16-2015

Eric Sims
335 W. Stiles St.
Philadelphia, PA.
19131

Office of the Clerk
United States District Court
Eastern District of Pennsylvania
601 Market Street
Philadelphia, P.A.
19106

7034 2120 0001 0157
CERTIFIED MAIL

RETURN RECEIPT
REQUESTED

FIRST CLASS