IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WESSIE SIMS | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA, et al. | : | NO. 12-05486 |

ORDER

AND NOW, this 25th day of March 2015, upon consideration of Plaintiff's Motion for Altering Judgment (Doc. No. 29), it is hereby ORDERED that the Motion is DENIED.[1]

BY THE COURT:

/s/ Legrome D. Davis

Legrome D. Davis, J.

---

[1] Plaintiff seeks an order from this Court setting aside our initial judgment under Federal Rule of Civil Procedure 59 on the basis of "misrepresentation and fraud." (Pl.'s Mot. 1.) As we noted in our Order dated February 20, 2015, the time for a motion to alter judgment or a motion for reconsideration has lapsed. (See Order, Doc. No. 24.) Plaintiff asserts that the time period for such a motion never began to run because the Court did not enter judgment by a separate document as required by Federal Rule of Civil Procedure 58 (Pl.'s Mot. 4–6), but this analysis is unavailing. For this Court's February 5, 2013 Order, no separate document was necessary because the Order itself satisfied Rule 58. See United Auto. Workers Local 259 Soc. Sec. Dep't v. Metro Auto Ctr., 501 F.3d 283, 287 (3d Cir. 2007) ("An order is considered a separate document for purposes of Rule 58 if it satisfies three requirements: first, the order must be self-contained and separate from the opinion; second, the order must note the relief granted; and third, the order must omit (or at least substantially omit) the District Court's reasons for disposing of the parties' claims.") (citations omitted). For the January 10, 2013 Order dismissing the case as to Defendant City of Philadelphia, judgment was entered on June 11, 2013, after 150 days ran from the date of entry on the civil docket. See Fed. R. Civ. P 58(c)(2)(B); United Auto. Workers Local 259, 501 F.3d at 287. Well over a year elapsed between June 11, 2013 and the first of Plaintiff's spate of motions seeking to reopen this case. Thus, the time limitations under Federal Rules of Civil Procedure 59 or 60 preclude relief.