In The United States District Court
For The Eastern District of Pennsylvania

Wessie Sims, pro-se
v.
City of Philadelphia, et al.
Defendants

Civ. Action
No. 12-5486
Date 4-1-15

Motion for Judgment
as a Matter of Law
Rule 50(a)

Plaintiff Respectfully request this Honorable Court grant motion for judgment and allow plaintiff to present evidence and ultimate facts.

1. She is entitled to the judgment where a civil remedy is afforded by Law in the Civil Courts in so far as her private and individual Rights have been injured. The means employed to enforce her Rights, and redress her injury, The Rights Given to her by Law.

Memorandum of Law:

2. In Haines v. Kernel et al. per Curiam No. 70-5025. United States Court of Appeals for the 7th Circuit argued Dec 6, (1971) Decided Jan 13, (1972)

(a) Held The pro-se Complaint should not have been dismissed without affording

A

the opportunity to present evidence in support of his claims 427.F.2d.71, and;

The court conclude that the pro-se Petitioner is entitled to an opportunity to offer proof.

United States of America
v.
Colangelo 27.F.supp.921,
no.8497. E.d.N.Y. April 27,(1939).

The Court Held: it allow the opening of the case for the reception of the evidence which will be hereinafter described, and any evidence in opposition thereto which defendant may desire to offer. where opinion had been rendered, but no findings of fact and conclusions of law have been made or filed, allow case to be reopened for receipt of evidence.

Federal Rules of Civil procedure For District Courts.

Rule 59 28 U.S.C.A. following section 723(c).

B.

United States V. Parisi
No. 8500 District Court
E.D. New York April 27, (1939).
Courts 352(1) 353.

1. The Court Held: where evidence offered on motion for new trial would not change Courts decision:

2. The motion was denied, the case was allowed to be reopened for receipt of the Evidence and of evidence in opposition thereto, where:

3. No Findings of Fact and Conclusions of Law or Judgment have been made or Filed.

Federal Rules of Civil procedure For District Courts.
Rule 59 28 U.S.C.A. Following section 723(c).

(C)

1. Fed. R. Civ. P. 58(c)(2)(B). United Auto 259, 501, F. 3d. at 287, 3d. Cir. 2007. Cited by the Court.

2. Again, the Court cites no separate document was necessary because the Order itself satisfied Rule 58. Citing United Auto. 3d. Cir. 2007.

3. Where the Court cites Fed. R. Civ. P. 58(c):

Impact of 2007 Restyling Amendments.

4. Current Rule 58(c) now contains the timing principles for entered judgments which, formerly was found in old Rule 58(b). The displaced former content of Rule 58(c) has been repositional to Rule 58(e).

Judgment Rule 58 Stating what Qualifies as a Separate Document.

except for the five exempted instances set out in the rules text:

Every judgment as well as partial dispositions under Rule 54(b) must be labeled judgment, and must be set forth on a separate document.

Holding neither:

(1)

1. a Judicial Memorandum or;
2. opinion;
3. Nor Marginal entry orders, Nor:
4. Minute orders, Nor:
5. Electronic docket notations satisfy this requirement.

Thus to Qualify as a separate Document:

The Judgment must:
1. Be a self Contained, separate document:
2. State the relief Granted.
3. Omit the reasoning used by the District Court to dispose of Pending Motions which should instead be Contained in the Courts opinion.

The Court order states no separate document was necessary because the order itself satisfied Rule 58.

Noting a Qualifying Order Will Fail this Separateness requirement, Because a Court Order does not Qualify as a Judgment under Rule 58:

(2)

and labeling it that way will not make it.
See: Kanematsu-Gosho, Ltd. v. M/T Messiniaki Aigli.
805, F. 2d, 47, 48-49 2d. Cir. (1986).
per curiam.
Holding: Order does not qualify as Judgment.

See rule 58 Advisory Committee.
Notes to 2002 Amendments:
Rule 58(a) Separate Document:

Core Concept: To avoid uncertainty about when the clock for taking an appeal begins to tick, the District Courts are required to set forth Judgments and amended Judgments in a separate document.

When a separate Document is not required:

A. A separate document is not required for an Order disposing of a rule 50(b) and a renewed motion for judgment after trial, and a rule 52(b) motion to amend or make additional Findings of Fact.

The current separate Document Rule remains the same.

(3)

The old separate document Rule 58 prior to 2002 Amendment:

A. a Judgment was required to be set forth in writing in a separate document, and entered on the Docket, and until each requirement was met, the Judgment was not deemed to have been entered and the time for filing an appeal would not begin to run.

Rule 58 has provided that a Judgment is effective only when set forth on a separate document and entered as provided in rule 79(a).

Required by rule 58(a)(1) a rule to begin to run after expiration of 150 days from entry of the Judgment in the civil Docket as required by rule 79(a).

Rule 58(a) preserves the core of the separate document requirement both for the initial Judgment, and any amended Judgment. Contents of Judgment document must clearly state which parties are entitled to what relief.

(4)

The exceptions to Rule 58 are listed in rule 58(a)(1).

Every judgment and amended judgment must be set forth on a separate document:

A. For judgment under Rule 50(b).

B. To Amend or make additional findings of fact under rule 52(b).

C. For attorney fees under Rule 54.

D. For a new trial, or to alter or amend the judgment under Rule 59 or

E. For relief under Rule 60.

A separate document is not required for an order disposing of a motion.

(5)

In The United States District Court
For The Eastern District of Pennsylvania

Wessie Sims pro-se
v.
City of Philadelphia et al.
Defendants

Civ. Action
No: 12-5486
Date - 4-1-15

### Certificate of Service

The undersigned hereby Certify that a true and correct copy of the foregoing Response to motion for Judgment as a matter of Law and memorandum of Law was served by first-class United States Mail, postage pre-paid on - 4-1-15

All Correspondence to attorney of Record plaintiff's Agent:

Sharon N. Harvey Esq.

By E-Mail Address.

Name: Craig Shaw Esq.
Law Department
City of Philadelphia
14th Floor
1515 Arch Street

By Wessie Sims pro-se.

(6)

## Conclusion

For all of the foregoing reasons in the interests of justice plaintiff Respectfully request the Motion for Judgment be Granted.

Respectfully Submitted
Wessie Sims pro-se
4925 W. Stiles Street.
Philadelphia P.A. 19131
Date- 4-1-15

(7)



Page 1

Name: **WESSIE L SIMS**
**Account Number: 34642-01217**
Phone Number: 215-728-1906
Service Address: 2103 N WOODSTOCK ST,
PHILADELPHIA

## Billing Summary

| | |
|---|---:|
| Bill Date | 02/21/2013 |
| Thank you for your payment of $150.00 | |
| Thank you for your payment of $100.72 | |
| Charges from previous bill | $149.26 |
| Late payment charge | $3.75 |
| **Total Other Charges** | **$153.01** |
| **Current Period Charges** | |
| Electric | $296.26 |
| **Total New Charges** | **$296.26** |
| **Total Amount Due on 03/15/2013** | **$449.27** |

## General Information

Next scheduled meter reading: **March 19, 2013**
PECO, 2301 Market St, Philadelphia, PA 19103-1380. If you have any questions or concerns, please call **1-800-494-4000** before the due date.
Si tiene alguna pregunta, favor de llamar al numero **1-800-494-4000** antes de la fecha de vencimiento.

**Customer Self Service - Manage Your Account 24/7**
- www.peco.com/ebill - Go paperless: receive and pay your bill
- www.peco.com/service - Start, stop and transfer your service
- www.peco.com/SmartIdeas - Save energy and money
- Pay by phone with credit/debit card at **1-877-432-9384** ($3.50 fee)

Constellation, 100 Constellation Way, Suite 1700P, Baltimore, MD 21202, 888-635-0827

## Message Center

New charges contain estimated total state taxes of $8.22, including $7.42 for State Gross Receipts Tax.

Thank you for making an arrangement to pay your bill. Should you have any questions regarding this arrangement, please call the number on your bill.

Your estimated electric price to compare is $0.0869 per kWh.

$50 april /1

When paying in person, please bring the entire bill.     (continued on next page)

Leon Sims
4933 N. Alder St.
Philadelphia, P.A.
19131

RETURN RECEIPT REQUESTED

FIRST CLASS

Office of the Clerk
United States District Court
Eastern District of Pennsylvania
601 Market Street
Philadelphia, P.A. 19106

CERTIFIED MAIL
7014 2120 0001 0158 5863

U.S. POSTAGE PAID
PHILADELPHIA, PA
APR 01 '15
AMOUNT $7.40