# U.S. DEPARTMENT OF JUSTICE
### 950 PENNSYLVANIA AVENUE
### N.W. WASHINGTON, D.C. 20530
### CIVIL DIVISION
### ATTN: U.S. ATTORNEY GENERAL

| | |
|---|---|
| Wessie Sims, Plaintiff<br>vs<br>City of Philadelphia et al.<br><br>Defendants | Civil Action<br>No. 12_5486<br>10/21/2015 |

### United States Constitution art. VI. Sect 2.
### Amendment I (1791)
### Petition for Redress of Grievances

To United States Department of Justice petitioner Wessie Sims respectfully petition for redress of grievances pursuant to Amendment I U.S. Const. and a declaration of the rights of the inhabitants of the Commonwealth or State of Pennsylvania pursuant to XVI. That the people have a right to apply for redress of grievances by address, petition or remonstrance. The convention of 1776. The civil complaint filed:

a) 9-25-12 under XIV. Sect I the claims denied due process. The district court dismissed the civil complaint pursuant to fed.R.civ.p.4_m where the complaint was timely filed by the clerk and already on the docket.
b) This is reversible error.

### People v. Bernhardt, 22, C.A.2d.567,
### 35, cal.Rptv.401,419.

The complaint was timely served with return signed receipt requested, which petitioner can produce.

## District Courts Jurisdiction ch. 231, (1911).
## Sixty-first Congress sess. 111. Sect. 24.

12. Of suits concerning civil rights.
14. Of suits to redress the deprivation under color of law.

### 1988 provides:

a)  The jurisdiction in civil and criminal matters conferred on the district courts by the provisions of this title, and of title civil rights, and of title crimes for the protection of all persons in the United States in their civil rights, and for their vindication, shall be exercised and enforced in conformity with the laws of the United States. So far as such laws are suitable to carry the same into effect, but in all cases where they are not adapted to the object, or are deficient in the provisions necessary to furnish suitable remedies and punish offenses against law, the common law, as modified and changed by the Constitution and statues of the state wherein the Court having jurisdiction of such civil or criminal cause is held, so far as the same is not inconsistent with the constitution and laws of the United States, shall be extended to and govern the said Courts in the trial and disposition of the cause. **Title 42U.S.C.1988**

b)  Sherman Amendment to the 1871 Ku Klux Act from which 1983 is derived. Ku Klux Act the federal statue, which creates civil liability for interfering with a person's civil rights.

   1.  The Sherman Amendment would have held municipalities responsible for damage to person or property caused by private persons riotously and tumultuously assembled.

### Cong. Globe 42d Cong. 1st. sess, 749 9187).

Wherefore, petitioner pray the department of justice institute her grievance, as the grievance procedure may afford petitioner all the relief she seeks.

Respectfully Submitted

*Wessie Sims*

Wessie Sims, Petitioner

**272 U.S., 365, Supreme Court**
**Village of Euclid v. Ambler Realty Co. (no. 31)**
**Argues: January 27, 1926**
**Decided: November 22, 1926**
**297 Fed. 307, reversed**

### Top Opinion

Mr. Justice Sutherland delivered the opinion of the court.

Syllabus Memorandum of Law.

1. A suit to enjoin the enforcement of a zoning ordinance with respect to the plaintiff's land need not be preceded by any application on his part for a building permit or for relief under the ordinance from the board which administers it, where the gravamen of the bill is that the ordinance, of it's own force, operates unconstitutionally to reduce the value of the land and destroy its marketability and the attack is not against specific provisions but against the ordinance in its entirety p. 386.

Sect. 4. If the validity of the legislative classification for zoning purposes be fairly debatable, the legislative judgment must be allowed to control p. 388.

### Radice v. New York, 267 U.S. 292, 294.

2. The ordinance is assailed on the grounds that it is in derogation of I of the XIV Amend. To the federal constitution in that it deprives appellee of liberty and property without due process of law and denies it the equal protection of the law. The court below held the ordinance to be unconstitutional and void, and enjoined its enforcement 297 fed. 307

3. Assuming the premise, the existence and maintenance of the ordinance in effect, constitutes a present invasion of appellee's property rights and a threat to continue it. The equitable jurisdiction is clear.

### See Terrace v. Thompson, 263, U.S. 197.
### 215, Piece v. Society of Sisters
### 268 U.S.510.

4. Is the ordinance invalid in that it violates the constitutional protection to the right of property?

   a) Appeal from a decree of the District Court enjoining the village and its building inspection from enforcing a zoning ordinance, the suit was brought by the owner of unimproved land within the corporate limits of the village, who sought the relief upon the ground that, because of the building restrictions imposed, the ordinance operated

to reduce the normal value of his property and to deprive him of liberty and property without due process of law. P. 379.

## United States Supreme Court
## Ex parte Virginia Oct (1879) Held:

Sect. 5. The act of A. in selecting jurors was ministerial, not judicial, and although he deprived his authority from the state, he was bound, in the discharge of that duty to obey the Federal Constitution and the laws passed in pursuance thereof.

1. Jury selection and service act of (1968).
   The jury was not selected.
   Plaintiff was deprived of a fair and impartial jury chosen to hear evidence.

   a) Jury 33 (1)(5) the court has affirmative and independent obligation to ensure that its jury plan complies fully with the U.S. Constitution and all applicable statutory provisions.

   XI. That in controversies respecting property, and in suits between man and man, the parties have a right to trial by jury, which ought to be held sacred.

   Sect. 25. Trials shall be by jury as heretofore, and it is recommended to the legislature of this state to provide by law against every corruption or partiality in the choice, return or appointment of juries.

A. Where the Courts failure to certify under 28 U.S.C 2403 that a statue has been questioned does not forfeit a Constitutional claim or defense that is otherwise timely asserted.

Amended April 30, 2007 effective December 1, 2007.

## Ex parte Virginia
## Supreme Court (1879)

Sect. 3. The inhibition contained in the Fourteenth Amendment means that no agency of the state, or of the offices or agents by whom her powers are exerted, shall deny to any person within her jurisdiction the equal protection of the laws. Whoever by virtue of his public position under a state government deprives another of life, liberty, or property, without due process of law, or denies or takes away the equal protection of the laws, violates that inhibition; and as he acts in the name of and for the state, and is clothed with her power, his act is her act. Otherwise, the inhibition has no meaning, and the state has clothes one of her agents with power to annul or evade it.

Sect. 4. That amendment was ordained to secure equal rights to all persons. To render its purpose effectual, congress is vested with power to enforce provisions by appropriate legislation, such legislation must act, not upon the abstract thing denominated a state, but upon the persons who

are its agents in the denial of the rights which were intended to be secured such is said act of March 1, and it is fully authorized by (1875) the Constitution.

### Statement by Pope Francis 9-26-15 in Philadelphia
### Society will weaken if any injustice prevail.

3. The city filed a motion to dismiss Dec. 19, 2012. Pursuant to Fed. R. Civil p. 12(b)(6).

4. The District Court sua sponte dismissed the complaint against the individual defendants for lack of personal jurisdiction and granted the motion to dismiss without:

   1. Notice and, without a hearing:

### 60 Stat. 79th cong, 2D sess. Ch 324 June 11, 1946

### Hearings:

Sect. 7. In hearings which section 4 or 5 requires to be conducted pursuant to this section.

a) Presiding officers. There shall preside at the taking of evidence. The functions of all presiding officers and of officers participating in decisions in conformity with sect. 8 shall be conducted in an impartial manner.

b) Hearing powers:
   Officers presiding at hearings shall have authority, subject to the published rules of the agency and within its powers, to

1. Administer oaths and affirmations,
2. Issue subpoenas authorized by law.
3. Rule upon offers of proof and receive relevant evidence.
4. Regulate the course of the hearings.
5. Hold conferences for the settlement or simplification of the issues by consent of the parties.

Defendants acted under color of state law

1. The acts were done without and beyond the bounds of their lawful authority, where it was determined a rooming house for five occupants was prohibited, this was incorrect

This was false, the applicable code allowed for

2. Six occupants, where plaintiff would only have five. Due process right under the XIV Amend. Was violated by this fraudulent representation. The federal criminal statue governs false statements

### Title 28U.S.C.A.1001.

3. Moreover, as stated by the planning commission at the hearing, allowing the owner to use the subject property as a rooming house for five occupants would represent an overuse of the subject property.

4. Plaintiff was only allowed to have three occupants where the code allows six occupants. XIV Amend. Violation

5. This was an unnecessary hardship:

   St. Onge v. City of Concord
   Supreme Court of New Hampshire
   Merrimack Oct. 5, (1948).
   As modified on rehearing Jan. 5, (1949)

Held:
   a) Any hardship suffered by a property owner as result of interference with owners right to use property without commensurate public advantage, though no public or private rights are affected thereby is an unnecessary hardship within meaning of statue.

   b) Where rights are denied sect. 241 includes an injury to any in the free exercise or enjoyment of any right or privilege secured in the Constitution and laws of the United States

**Renolds v. Sims**
**377.U.S.533, (1964).**

Petitioners XIV Amend. Rights was violated by each and all defendants named in the civil complaint filed 9-25-12 which was the direct cause of petitioners injury. This conduct was committed by defendants acting under color of state law. This conduct deprived petitioner of rights guaranteed to her under the XIV Amendment.

   a) Sect. 1. Nor shall any state deprive any person of liberty or property, without due process of law.

**United States Supreme Court 27U.S.365**
**Village of Euclid v. Ambler Realty Co. No. 31**
**Decided November 22 (1926).**

**United States Const. art. VI. Sect 2.**

   b) Acting under color of state law this conduct by the defendants deprived petitioner of her rights, privileges, and immunities secured by the const. of the United States:

      1. Art IV. The citizens of each state shall be entitled to all privileges and immunities of citizens in the several states.

2.  XIV Amend. No state shall make or enforce any law, which shall abridge the privileges or immunities of citizens of the United States.

3.  It is when the execution of the Government policy or custom inflicts the injury that the municipality may be held liable under (1983) Monell V. New York Department of Social Services.
    463m U.S.658,98, 8. Ct. 2018, (1978).

    A.  Petitioner alleges that a policy or Custom caused her injuries.

b)  The district court committed reversible error when it sua sponte dismissed petitioners complaint as against the individual defendants for lack of personal jurisdiction

c)  Assistant city solicitor attorney I.D.N.206057 filed a motion to dismiss pursuant to federal rules of civil p. 12 (b) (6) Dec. 19, 2012 for failure to state a claim

d)  The court granted the motion and dismissed the complaint for lack of personal jurisdiction.

e)  The district court sua sponte dismissed the complaint as against the individual defendants for defects in service of process

## Zelson v. Thomforde no 17589
### United States Court of Appeals 3rd Circuit.
### Argues March 27, 1969
### Decided June 13, 1969

### Fed.R.C.I.V.P.536

Holding: Defendants objections to service of process under long-arm statue were deemed waived, where defendants moved to dismiss on limitations ground only, and court did not have authority sua sponte to dismiss for want of personal jurisdiction

### Fed. Rules civ. Proc. Rule 12(h)(1,3)
### 28U.S.C.A.N.J.S.A. 39:7-2

The order was reversed and case remanded.

Standard of Review:

Title 42 U.S.C.1983 provides a federal cause of action for a plaintiff whose constitutional rights have been violated by a person acting under color of state law. XIV Amendment.

### Lugar V. Edmondson Oil Co. Inc, Va (1982)

### 102 Supreme Ct. 2744, 457, U.S. 922, 73, L. Ed 2d. 482.

### Title 42 U.S.C.A. 1983 Rev. stat. 1979
### Derived from 1 of the civil rights act of April 20 (1871) 17 stat. 13

Statement of Questions involved:

1. Whether the District Court erred when it did not hold a hearing?
   **5U.S.C.A 556** Administrative procedure.

2. Whether the District Court erred when it did not select a jury? **28U.S.C.A1861.act of (1968).**

a) Rights are secured to petitioner as a citizen of the United States by the XIII Amend. (1865) and by the XIV Amend. (1868) due process, and by civil rights acts of congress made in pursuance thereof.

b) Thirty-ninth Congress sess. 1. Ch. 31, April 9, (1866)
   An act to protect all persons in the United States in their civil rights and furnish the means of their vindication.

### U.S. District Court-Eastern District civ. Rule 16.1

d) There was no final preparation for trial, and no final pretrial order.

   a) Federal civil procedure 1781 a civil rights suit should not be dismissed at the pleading stage unless it appears to a certainty that the plaintiff is entitle to no relief under any state of facts which could be proved in support of his claim.

### 42U.S.C.A.1981 et sq.

The Court held: in Shapiro v. Royal Indem Co. D.C.P.A.
(1951) 100F, sup 801:
1. No matter how unlikely it may seem that pleader will be able to prove his case, he is entitle, on averring a claim to an opportunity to try to prove it.

c) Section 1983 protects all rights guaranteed by the XIV Amendment, it provides civil action for both, deprivation denying due process and equal protection.

### In Lugar V. Edmondson Oil Co. Inc. Va. (1982)
### 102, 8. Court, 2744, 457, U.S. 922,
### 73, L. Ed. 2d. 482

Opinion of the court:

a) Representatives, it was understood by the members of that body to go no further than to protect persons in the rights which were guaranteed to them by the Constitution and laws of the United States, **cong. Globe, 42d. cong. 1st sess, 579 (1871),** and remarks of representative Shellabarger on the relationship between I of the bill and the Fourteenth Amendment id, app.68.

### United States V. Classic
### 313, U.S. 299, 326, (19410.

The Courts conclusion in U.S. V. Classic:

1. That misuse of power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority state law is action taken under color of state law was founded on the rule announced in ex part Virginia 100 U.S. 339, 346-347, (1880) that the actions of a state officer who exceeds the limits of his authority constitute state action for the purposes of the XIV amendment.

b) Federal civil procedure 1835 when considering a motion to dismiss a complaint, the court must view all the allegations contained therein as true.

### Victor P. Cubellis, Plaintiff V. Alexander Costar et al. Defendants
### Civ. A. No. 74_400
### U.S. District Court W. D. Pennsylvania
### Sept. 10, (1974)

Where plaintiff was denied the right by the zoning board of adjustment to use her property. This was an injury within meaning of state tort claims act, includes damage caused by violation of her constitutional rights.

A. See Lloyd V. Borough of Stone Harbor, 179, N.J. Super **496, 432, A. 2d. 572, 580.**

Property is within Constitutional protection, rights inhering in citizen's relation to physical thing, as right to possess, use and dispose of it.

Cereghino V. State by and through State Highway Commission **230, or, 439, 370, p. 2d. 694, 697.**

### Untied States of America
### V.
### Colangelo 27, F, Supp. 921, no, 8497
### Ed. N.Y. April 27, (1939)

A. The court held: it will allow the opening of the case for the reception of the evidence. Which will be hereinafter described and any evidence in opposition thereto which defendant may desire to offer.

b) Where opinion had been rendered but no finding of fact and conclusions of law have been made or filed allow case to be reopened for receipt of evidence.

**Federal Rules of Civil Procedure**
**For District Courts**
**Rule 59 28U.S.C.A. Following**
**Section 723 (c).**

**Supreme Court, County of Sacramento V. Lewis**
**523, U.S. 833, 118 8. Ct. 1708, 140, L. Ed.2d, 1043, (1998).**

Held:

A. The behavior of the government shocks the conscience of a reasonable of server.

b) There are three possible standards to determine whether state action shocked the conscience

   1. Deliberate indifference, (2) gross negligence, (3) or arbitrariness that indeed shocks the conscience, or intent to cause harm. Amend. XIV U.S.C.A. Constitutional Law 4050.

   2. State_created danger doctrine was formulated by justice Oliver Wendell Holmes in Schenck V.U.S. 249, U.S. 47, 39, 8. Ct. 247, (1919(.

Respectfully Submitted,

*Wessie Sims*

Wessie Sims

## Conclusion

For all of the foregoing reasons in the interest of justice petitioner pray U.S. Department of Justice institute her dress of grievances.

Respectfully Submitted,

*Wessie Sims*

Wessie Sims pro_se
4925 W. Stiles Street
Philadelphia, PA 19131
Date October 21, 2015

**Certificate of Service**

The undersigned hereby certify that a true and correct copy of petition for redress of grievances supporting documents, and memorandum of law was served by certified mail return receipt requested on October 2ᴇ 2015 to Office of the Clerk for United States District Court for the Eastern District of Pennsylvania, 601 Market Street, Philadelphia, PA 19106.


A true and correct copy of redress of grievances was mailed first class U.S. Mail postage prepaid on October 21, 2015 to

By the clerk:                                   Name: Craig Straw, Esq.
All correspondence to:                          Law Department
Attorney of Record                              14ᵗʰ Floor
Plaintiff's Agent                               City of Philadelphia
Sharon N. Harvey, Esq.                          1515 Arch Street
By email address                                Philadelphia, PA 19102

**THE D'ARRO FIRM, P.C.**
BY: FRANCESCO G. D'ARRO, ESQUIRE
Identification No.: 88219
1325 Spruce St.
Philadelphia, PA 19107
215.546.6620
215.546-7795 (fax)
Darro.Law@verizon.net

Attorney for Appellant, Wessie Sims

| | | | |
|---|---|---|---|
| WESSIE SIMS | | : | **COURT OF COMMON PLEAS** |
| | Appellant | : | **PHILADELPHIA COUNTY** |
| vs. | | : | **CIVIL ACTION - LAW** |
| | | : | |
| PHILADELPHIA ZONING | | : | |
| BOARD OF ADJUSTMENT | | : | **October Term, 2010** |
| And | | : | |
| CITY OF PHILADELPHIA | | : | **NO.: 01619** |
| | | : | |
| | Appellee | : | |

### APPEAL OF DECISION OF PHILADELPHIA
### ZONING BOARD OF ADJUSTMENT

**I.    Statement of Jurisdiction**

This is an appeal from a decision of the Philadelphia Zoning Board of Adjustment,

denying Appellant Wessie Sims' application for a variance.  This Court has jurisdiction pursuant

to 42 Pa.C.S.A. § 933 and Philadelphia Zoning Code § 14-1807.

**II.    Statement of Questions Involved**

A. Whether the Philadelphia Zoning Board of Adjustment erred in denying a variance to
Appellant Wessie Sims?

Suggested Answer: Yes.

# THE D'ARRO FIRM, P.C.

.......................................Attorneys at Law

The Biddle House
1325 SPRUCE STREET
PHILADELPHIA, PA 19107
215.546.6620  215.546.7795 Fax
E-mail: Darro.law@verizon.net

**Francesco G. D'Arro**
Also Admitted in U.S. District Court
for the E.D. & M.D. of Pennsylvania

Offices:
Philadelphia County
Montgomery County

October 8, 2010

Lynette M. Brown-Sow, Chairwoman
And Members of the Zoning Board
Philadelphia Zoning Board of Adjustment
c/o
Mary Jane McKinney, Administrator
Zoning Board of Adjustment
Licenses & Inspections
Municipal Services Building
11th Floor
1401 JFK Blvd.
Philadelphia, PA 19102
Via Fax & Regular Mail
215-686-2565

RE:   **Calendar # 10915**
      **Application# 234786**
      **Applicant: Wessie Sims**
      **Address: 2103 N. Woodstock St.**

Dear Ms. Brown-Sow:

I have just been retained by Miss Sims. She was not represented when she applied for and presented her request for a five-person rooming house, which was denied by the Board on September 15, 2010. At this time, we kindly request the Board's reconsideration of my client's application and permit the matter to be relisted.

Having reviewed the case transcript and spoken with my client, it is apparent that she did not make a fair and fully informed presentation of the facts and law relevant to her application, which I believe would have rendered the case meritorious. For example, Miss Sims had delivered sketches by a draftsman that illustrated a plan to construct an additional powder room, plus two fire exits to service the 2nd and 3rd floors to the building. These sketches did not make it into the case file or the record for your consideration. I believe that these sketches would have satisfied the Board's reasonable concerns for the safety and convenience of the residents. In addition, there may be a defect with the vote, since it appears that less than a quorum was present for voting on the application.

While a quorum of four members of the Board attended the hearing, a majority of *those four* needed to vote in order for the Board to take action.  The Board seems to have attempted to get around this due to the fact that another member of the Board voted, giving them a total of three votes on the variance, but that vote failed to meet the requirements set forth in the Code. As such, the Board did not have the authority to make a decision on this matter.

## VI.    Relief

Based on the foregoing, Appellant Wessie Sims' application for a variance from the Philadelphia Zoning Code should be granted.  Ms. Sims respectfully requests that this Honorable Court vacate the decision by the Philadelphia Zoning Board of Adjustment and grant the requested variance.

THE D'ARRO FIRM, P.C.

BY:   _____/s/_____

March 3, 2011

FRANCESCO G. D'ARRO, ESQUIRE
Attorney for Appellant, Wessie Sims
1325 Spruce Street
Philadelphia, PA 19107
215.546.6620

Case ID: 10100161

§ F-4604.24.1.  Ms. Sims' property is indisputably in compliance with this provision.  The building is not zoned as R-3, it is zoned as R-10.  It is a three story building having not one, but three exits.  (3/3/10 N.T. at 5-6).  Notwithstanding the fact that the building is in compliance with the Code, Ms. Sims has proposed to install fire escapes for the second and third stories of the building.

### E.  The Board's Decision to Deny the Variance was not a Valid Vote.

Finally, the Board's vote to deny the variance is invalid.  The Philadelphia Zoning Board has set requirements for valid actions by the Board, including:

> (2) Four members of the Board shall constitute a quorum for any public hearing required under this Title.
> (3) The concurring vote of a majority of the Board, present and constituting a quorum at a public hearing, shall be required for action by the Board.

§ 14-1805.  At the March 3, 2010 hearing, four members of the Board were present, constituting the minimum requisite quorum for the hearing to proceed.  This means that a minimum of three members of the Board who were present at the hearing needed to vote on the variance.  This did not occur.

Of the four present at the hearing, only Lynette Brown-Sow and Carol Tinari voted.  Neither Martin G. Bednarek nor Anthony Lewis, who were present at the hearing, voted.  The only other vote came from Sam Staten, Jr. who merely voted based on a reading of the hearing transcript, and was not actually in attendance at the hearing.  The final member of the Board, Peter Gonzales, did not attend the hearing or vote. The vote of the Board is attached on page 5 to **Exhibit "B"**.

THE PHILADELPHIA CODE

inspections, examinations, and other official actions, all of which shall be immediately filed in the office of the Board and shall be a public record.

(7)   The Board shall fix a reasonable time for the hearing of appeals or other matters within its jurisdiction, give public notice thereof, as well as due notice to the parties in interest, and decide the same within a reasonable time.

(8)   Any party may appear in person or by his attorney. For good and proper cause, the right of an attorney to practice before the Board may be suspended by the Board. Statements by a person's attorney on his behalf may be considered as testimony.

(9)   Any agency of the City shall have the power, in all public hearings before the Board, to appear and to present facts and information to assist the Board in reaching a decision.

(10) The fees listed in Section 14-1706(d) shall be paid for a hearing before the Board.[587]

(11) Where it is necessary to repost notice of hearing, in order that each street frontage of premises, with which the appeal is concerned, is posted for at least 12 consecutive days immediately prior to and including the day of the hearing before the Board, applicant must apply for a reposting from the Board. The fee for such reposting is listed in Section 14-1706(e).[588]

(12) Hearings on appeals relating to the One Year Rule set forth in Section 14-1703(6) shall be conducted in accordance with the procedures set forth therein.[589]

§ 14-1806.  Decisions of the Board.[590]

(1)   All decisions of the Board shall be in writing, and notice thereof shall be mailed to the applicant and his attorney of record and to such other persons or attorneys who have properly entered an appearance in the case. The decision shall be a public record.

§ 14-1805.  Hearings.[584]

(1)   Hearings of the Board shall be held at the call of the Chairman and at such other times as the Board may determine.

(2)   Four members of the Board shall constitute a quorum for any public hearing required under this Title.[585]

(3)   The concurring vote of a majority of the Board, present and constituting a quorum at a public hearing, shall be required for action by the Board.[586]

(4)   All hearings shall be open to the public.

(5)   The Board may administer oaths and compel the attendance of witnesses, for which purpose subpoenas may be issued.

(6)   The Board shall keep minutes of its deliberations showing the vote of each member upon each question or, if absent or failing to vote, indicating such fact, and shall keep records of its hearings,

---

[587] Amended, 1988 Ordinances, p. 339; amended, 1992 Ordinances, p. 550; amended, 1993 Ordinances, p. 1143; amended, Bill No. 970092 (approved June 23, 1998); amended, Bill No. 000350 (approved August 11, 2000), effective July 1, 2000.
[588] Amended, 1988 Ordinances, p. 339; amended, 1992 Ordinances, p. 550; amended, Bill No. 000350 (approved August 11, 2000), effective July 1, 2000.
[589] Added, Bill No. 990844 (approved December 31, 1999).
[590] Renumbered, 1991 Ordinances, p. 1198.

[584] Renumbered, 1991 Ordinances, p. 1198.
[585] Amended, 1963 Ordinances, p. 705.
[586] Amended, 1973 Ordinances, p. 935.

Respectfully submitted,

Mary Jane McKinney
Zoning Board Administrator

## VOTE OF THE BOARD

| | |
|---|---|
| Lynette Brown-Sow | Yes with proviso - Five occupants with roll down window ladder |
| Carol Tinari | No |
| Sam Staten, Jr. | No (Read Transcript) |
| Martin G. Bednarek | Present at Hearing but did not vote |
| Anthony Lewis | Present at Hearing but did not vote |
| Peter Gonzales | Not present at Hearing and did not vote |

5

Case ID: 10100161

## PETITION OF APPEAL

**CITY OF PHILADELPHIA • ZONING BOARD OF ADJUSTMENT**
MUNICIPAL SERVICES BUILDING, 11th FLOOR
401 JOHN F. KENNEDY BOULEVARD • PHILADELPHIA, PA 19102-1687

PROPERTY ADDRESS: 2103 N. Windstock Street

APPEAL DATE: 2-9-10   RECEIPT NUMBER: 4979493047

PRINT OR TYPE CLEARLY

V&I NUMBER: 237786   CALENDAR NUMBER: 10915

PUBLIC HEARING AT
1515 ARCH STREET — 18TH FLOOR

APPEAL FEES REC'D: $250.00   HEARING DATE: Wed. March 3, 2010

### NOTICES SENT

☐ 9:30 A.M.   ☒ 2:00 P.M.   ☐ OTHER

FORM NUMBER: 81-493

(5) Poster - Weiss - Sines - 12-1-10   DATE SENT:

### ZONING NOTICE AND INSTRUCTIONS RECEIVED

| DATE | SIGNATURE | # POSTERS RECEIVED | DATE | SIGNATURE | # POSTERS RECEIVED |
|------|-----------|---------|------|-----------|---------|
| | | | | | |
| | | | | | |

### OFFICIAL VOTE OF ZONING BOARD OF ADJUSTMENT

| SIGNATURE (SIGN NAME IN FULL) | VOTE (YES OR NO) | DATE | COMMENTS |
|---|---|---|---|
| Carol Gruen | No | 3/16/10 | |
| | Yes | 3/ /10 | went with not down under Fadde |
| | | | |
| | | | |
| | | | |
| | No | 9/14/10 | Read Transcript |
| | Not Present | | |

Case ID: 101001

81-49A (Rev. 6/05)

*Official Vote of the Board show 9-14-10 read ~~present~~ not present transcript*

# NOTICE OF DECISION

**City of Philadelphia**
ZONING BOARD OF ADJUSTMENT
1401 J. F. K. Blvd. - 11th Floor
Philadelphia, PA 19102-2097

APPLICATION #: 234786          DATE OF DECISION: 09/15/10          CAL #: 10915

ATTORNEY:

APPLICANT:  WESSIE SIMS
            4925 WEST STILES STREET
            PHILADELPHIA PA 19132

OWNER:      WESSIE SIMS
            4925 WEST STILES STREET
            PHILADELPHIA PA 19132

PREMISES:   2103 N WOODSTOCK ST

# THIS   IS   NOT   A   PERMIT

The Zoning Board of Adjustment, having held a public hearing in the above numbered appeal,
after proper public notice thereof, has decided that the request for (a) USE VARIANCE(S) is:

## DENIED

ALL VARIANCES / CERTIFICATES / SPECIAL USE PERMITS GRANTED HEREIN ARE SUBJECT TO THE
FOLLOWING CONDITIONS:

1. A PERMIT MUST BE OBTAINED FROM THE DEPARTMENT OF LICENSES AND INSPECTIONS,
   PUBLIC SERVICE CONCOURSE, 1401 J. F. K. BLVD., WITHIN ONE CALENDAR YEAR FROM THE
   DATE OF THIS DECISION.
2. ALL CONSTRUCTION MUST BE IN ACCORDANCE WITH PLANS APPROVED BY THE ZONING
   BOARD OF ADJUSTMENT.
3. A NEW APPLICATION AND NEW PUBLIC HEARING WILL BE REQUIRED FOR FAILURE TO COMPLY
   WITH THE FOREGOING CONDITIONS.
4. FURTHER CONDITIONS:

By Order of the ZONING BOARD OF ADJUSTMENT
CAROL B. TINARI, Sec.

NOTE: All appeals from this decision are to be taken to the Court of Common Pleas of Philadelphia County within 30
      days from the date of this decision. *Notice of Decision is not in writing required by 14-1806.*

81-2000 (8/90)

A47

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WESSIE SIMS | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA, et al. | : | NO. 12-05486 |

## ORDER

AND NOW, this 5th day of February, 2013, it is hereby ORDERED as follows:

1. This action is dismissed as to the following Defendants under Federal Rule of Civil
   Procedure 4(m) for Plaintiff's failure to timely serve the Complaint upon said
   parties: Lynette M. Brown, Carol B. Tinari, Anthony Lewis, Sam Staten, Jr., Martin
   G. Bednarek, Mary Jane McKinney, Larissa Klevan, Christine Quinn, and John V.
   Wolfe.

2. The Clerk of Court shall close this matter for statistical purposes.

BY THE COURT:

/s/ Legrome D. Davis

Legrome D. Davis, J.

English     Customer Service     USPS Mobile                              Register / Sign In

 **USPS.COM**

Search USPS.com or Track Packages   Subr

Quick Tools                Ship a Package        Send Mail        Manage Your Mail        Shop        Business Solutions

# USPS Tracking™

 **Customer Service ›**
Have questions? We're here to help.

Tracking Number: **70092250000038816175**

Expected Delivery Day: **Wednesday, November 21, 2012**

## Product & Tracking Information

**Available Actions**

**Postal Product:**          **Features:**
First-Class Mail®            Certified Mail™

| November 21, 2012 , 1:38 pm | Delivered | PHILADELPHIA, PA 19102 |

Your item was delivered at 1:38 pm on November 21, 2012 in PHILADELPHIA, PA 19102.

| November 21, 2012 , 5:03 am | Depart USPS Sort Facility | PHILADELPHIA, PA 19176 |
| November 21, 2012 , 4:18 am | Processed at USPS Origin Sort Facility | PHILADELPHIA, PA 19176 |
| November 20, 2012 , 3:29 pm | Depart Post Office | PHILADELPHIA, PA 19122 |
| November 20, 2012 , 1:00 pm | Acceptance | PHILADELPHIA, PA 19122 |

## Track Another Package

**What's your tracking (or receipt) number?**

                                                                    **Track It**

**LEGAL**                  **ON USPS.COM**               **ON ABOUT.USPS.COM**        **OTHER USPS SITES**

Privacy Policy ›           Government Services ›         About USPS Home ›            Business Customer Gateway ›
Terms of Use ›             Buy Stamps & Shop ›           Newsroom ›                   Postal Inspectors ›
FOIA ›                     Print a Label with Postage ›  USPS Service Alerts ›        Inspector General ›
No FEAR Act EEO Data ›     Customer Service ›            Forms & Publications ›       Postal Explorer ›
                           Delivering Solutions to the Last Mile ›   Careers ›        National Postal Museum ›
                           Site Index ›

**USPS.COM**   Copyright© 2014 USPS. All Rights Reserved.

*Zoning Board of Adjustment Tracking Number.*

https://tools.usps.com/go/TrackConfirmAction.action?tRef=fullpage&tLc=1&text28777=...   5/18/2014

USPS.com® - USPS Tracking™

English     Customer Service     USPS Mobile                                                    Register / Sign In

# USPS.COM

Search USPS.com or Track Packages     Subr

Quick Tools          Ship a Package     Send Mail     Manage Your Mail     Shop     Business Solutions

## USPS Tracking™

**Customer Service ›**
Have questions? We're here to help.

**Tracking Number: 70092250000038816182**

**Expected Delivery Day: Wednesday, November 21, 2012**

## Product & Tracking Information

**Postal Product:**          **Features:**
First-Class Mail®            Certified Mail™

| | | |
|---|---|---|
| November 21, 2012 , 2:59 pm | Delivered | PHILADELPHIA, PA 19102 |

Your item was delivered at 2:59 pm on November 21, 2012 in PHILADELPHIA, PA 19102.

| | | |
|---|---|---|
| November 21, 2012 , 5:03 am | Depart USPS Sort Facility | PHILADELPHIA, PA 19176 |
| November 21, 2012 , 4:14 am | Processed at USPS Origin Sort Facility | PHILADELPHIA, PA 19176 |
| November 20, 2012 , 3:29 pm | Depart Post Office | PHILADELPHIA, PA 19122 |
| November 20, 2012 , 12:58 pm | Acceptance | PHILADELPHIA, PA 19122 |

## Available Actions

## Track Another Package

**What's your tracking (or receipt) number?**

                                                              Track It

**LEGAL**
Privacy Policy ›
Terms of Use ›
FOIA ›
No FEAR Act EEO Data ›

**ON USPS.COM**
Government Services ›
Buy Stamps & Shop ›
Print a Label with Postage ›
Customer Service ›
Delivering Solutions to the Last Mile ›
Site Index ›

**ON ABOUT.USPS.COM**
About USPS Home ›
Newsroom ›
USPS Service Alerts ›
Forms & Publications ›
Careers ›

**OTHER USPS SITES**
Business Customer Gateway ›
Postal Inspectors ›
Inspector General ›
Postal Explorer ›
National Postal Museum ›

**USPS.COM**     Copyright© 2014 USPS. All Rights Reserved.

*City of philadelphia Law Dept. Tracking Number.*





*Note: District Court Have Original postal receipts.*

125 W. Suis St.

Phila P.A. 19131

**CERTIFIED MAIL**

7015 0640 0007 5103 5156

U.S. POSTAGE
PAID
PHILADELPHIA, PA
19122
OCT 26 15
AMOUNT
**$8.11**
R2305M143772-05

1000          19106

R.M.S.
HAY

Office of the Clerk
US District Court Eastern District
of Pennsylvania 601 Market Street
Philadelphia PA.
19106