Respectfully submitted,

Mary Jane McKinney
Zoning Board Administrator

## VOTE OF THE BOARD

Lynette Brown-Sow

Yes with proviso - Five occupants with roll down window ladder

Carol Tinari

No

Sam Staten, Jr.

No (Read Transcript)

Martin G. Bednarek

Present at Hearing but did not vote

Anthony Lewis

Present at Hearing but did not vote

Peter Gonzales

Not present at Hearing and did not vote

5

Case ID: 101001619

A46

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WESSIE SIMS, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 12-5486 |
| | : | |
| CITY OF PHILADELPHIA, et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

### MOTION TO DISMISS

Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), Defendant City of Philadelphia hereby moves this Court to dismiss Plaintiff's Complaint for failure to state a claim. In support of this Motion, Defendant incorporates by reference and relies upon the Memorandum of Law filed herewith.

Respectfully submitted,

/s/ *Anne B. Taylor*
ANNE B. TAYLOR
*Assistant City Solicitor*
Attorney I.D. No. 206057
City of Philadelphia Law Dept.
1515 Arch Street, 14th Floor
Philadelphia, PA  19102
anne.taylor@phila.gov

Date: December 19, 2012   Ph: 215-963-5447/Fax: 215-683-5397

A68

**CITY OF PHILADELPHIA**
**DEPARTMENT OF LICENSES & INSPECTIONS**
Municipal Services Building, Concourse Level
1401 John F. Kennedy Boulevard
Philadelphia, PA 19102

| DATE OF REFUSAL | APPLICATION # |
|---|---|
| 1-20-10 | 234766 |
| ZONING DISTRICT(S) | |
| R-10 RESIDENTIAL DISTRICT | |

**ADDRESS/LOCATION:** 2103 N. WOODSTOCK STREET

**APPLICANT:**
WESSIE SIMS (OWNER)

**ADDRESS:**
4925 W. STILES STREET, PHILADELPHIA, PA 19131

**APPLICATION FOR:**

THE APPLICATION IS FOR A ROOMING HOUSE FOR A TOTAL OF FIVE ROOMING UNITS WITH A MAXIMUM OF FIVE OCCUPANTS WITHIN AN EXISTING THREE STORY ATTACHED BUILDING; ALL PERSONS CAPABLE OF SELF PRESERVATION AND SELF SUSTAINING, NO PERSON UNDER THE JURISDICTION OF ANY COURT SYSTEM, (SIZE AND LOCATION AS SHOWN IN THE APPLICATION).

*application for 5 occupants not 5 families.*

PERMIT FOR THE ABOVE LOCATION CANNOT BE ISSUED BECAUSE IT IS NOT IN COMPLIANCE WITH THE FOLLOWING PROVISIONS OF THE PHILADELPHIA CODE. (CODES CAN BE ACCESSED ON LINE AT WWW.PHILA.GOV)

| CODE REFERENCE | PROPOSED | | REQUIRED | PROPOSED |
|---|---|---|---|---|
| 1-205 | MINIMUM REAR YARD AREA FOR FIVE FAMILIES | | 544 SQ. FEET | 230 SQ. FEET |

ONE (1) USE REFUSAL
FEE TO FILE APPEAL: $250.00

*Jeanne Klinger*

CHRISTINE QUINN
PLANS EXAMINER

1-20-10

12/28/09
DATE

**NOTICE TO APPLICANT:**
AN APPEAL FROM THIS DECISION MUST BE MADE TO THE ZONING BOARD OF ADJUSTMENT, MUNICIPAL SERVICES BUILDING, 11TH FLOOR, 1401 JFK BOULEVARD, PHILADELPHIA, PA 19102, WITHIN THIRTY (30) DAYS OF DATE OF REFUSAL.

Case ID: 101001619

18915

**MARTIN G. BEDNAREK**

**Defendant**

**MARY JANE MCKINNEY**
*BOARD ADMINISTRATOR*

**Defendant**

**LARISSA KLEVAN**
*PLANNING COMMISSIONER*

**Defendant**

**CHRISTINE QUINN**
*PLANS EXAMINER*

**Defendant**

**JOHN V. WOLFE**
*DEPARTMENT OF LICENSE AND
INSPECTION*

**Defendant**

**CITY AND COUNTY OF
PHILADELPHIA**
*TERMINATED: 01/10/2013*

**Defendant**

**STATE OF PENNSYLVANIA**
*TERMINATED: 12/11/2012*

| Date Filed | # | Docket Text |
|---|---|---|
| 09/25/2012 | 1 | COMPLAINT against MARTIN G. BEDNAREK, LYNETTE M. BROWN, CITY AND COUNTY OF PHILADELPHIA, CITY OF PHILADELPHIA, LARISSA KLEVAN, ANTHONY LEWIS, MARY JANE MCKINNEY, CHRISTINE QUINN, STATE OF PENNSYLVANIA, SAM STATEN, JR, CAROL B. TINARI, JOHN V. WOLFE, ZONING BOARD OF ADJUSTMENTS ( Filing fee $ 350 receipt number 069942.), filed by WESSIE SIMS. (Attachments: # 1 Civil Cover Sheet)(jwl, ) (Entered: 09/26/2012) |
| 09/25/2012 | | Summons Issued as to MARTIN G. BEDNAREK, LYNETTE M. BROWN, CITY AND COUNTY OF PHILADELPHIA, CITY OF PHILADELPHIA, LARISSA KLEVAN, ANTHONY LEWIS, MARY JANE MCKINNEY, CHRISTINE QUINN, STATE OF PENNSYLVANIA, SAM STATEN, JR, CAROL B. TINARI, JOHN V. WOLFE, ZONING BOARD OF ADJUSTMENTS. 13 Forwarded To: pro se plaintiff on 9/26/12 (jwl, ) (Entered: 09/26/2012) |
| 10/05/2012 | 2 | MOTION FOR APPOINTMENT OF COUNSEL PURSUANT TO 28 U.S.C. 1915(d) FILED BY WESSIE SIMS.(mbh, ) (Entered: 10/05/2012) |
| 10/11/2012 | 3 | ORDER THAT PLAINTIFF'S MOTION FOR THE APPOINTMENT OF COUNSEL IS DENIED. SIGNED BY HONORABLE LEGROME D. DAVIS ON 10/10/12. 10/12/12 ENTERED AND COPIES MAILED TO PRO SE.(mbh, ) (Entered: 10/12/2012) |
| 10/24/2012 | 4 | Affidavit of Service re: JAMES ADAMS served Summons and Complaint upon |

*[handwritten annotations in left margin: "Filed by me", "Filed by clerk", "personal service"]*

*[handwritten annotation across bottom: "Here the City refused personal service"]*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| WESSIE SIMS | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA, et al. | : | NO. 12-05486 |

## ORDER

AND NOW, this 5th day of February, 2013, it is hereby ORDERED as follows:

1. This action is dismissed as to the following Defendants under Federal Rule of Civil
   Procedure 4(m) for Plaintiff's failure to timely serve the Complaint upon said
   parties: Lynette M. Brown, Carol B. Tinari, Anthony Lewis, Sam Staten, Jr., Martin
   G. Bednarek, Mary Jane McKinney, Larissa Klevan, Christine Quinn, and John V.
   Wolfe.

2. The Clerk of Court shall close this matter for statistical purposes.

BY THE COURT:

/s/ Legrome D. Davis

Legrome D. Davis, J.

**D. The Board Denied the Variance for Reasons Unrelated to the Zoning Code.**

The application for a zoning variance was in reference to the requisite size of a rear yard for a five-family structure. The Board held a public hearing on this application. Yet, at the hearing the Board made no mention of the size of the yard. Instead it focused on bathrooms and fire escapes, neither of which are – nor were alleged to be – in violation of the Code.

There are requirements concerning the number of bathrooms in a residential structure. For a rooming house that does not have a private bathroom for each bedroom, there must be:

> A minimum of one water closet, lavatory and bathtub or shower shall be provided with access from a common hallway for each six occupants or fraction thereof. Such facilities shall not be more than one story removed from the occupants intended to share them.

Philadelphia Building Construction and Occupancy Code § PM-405.1.2. Ms. Sims' proposed use of her property is for five individuals. This means that she is well within the requirement for the number of bathrooms for her house, as one bathroom is required for six individuals. And, because the bathroom is located on the second floor, it is within one story of both the second and third floor bedrooms. Despite the fact that Ms. Sims is not required to have additional bathrooms in her house, due to the concerns of the Board she has presented plans to install a second bathroom.

The requisite number of fire escapes is defined in the Philadelphia Building Construction and Occupancy Code, which provides in pertinent part:

> Where a building with one exit was constructed in conformance with the building code in effect at the time the building was constructed, the single exit is acceptable provided it is in accordance with one of the following conditions:
> ...

§ F-4604.24.1. Ms. Sims' property is indisputably in compliance with this provision. The building is not zoned as R-3, it is zoned as R-10. It is a three story building having not one, but three exits. (3/3/10 N.T. at 5-6). Notwithstanding the fact that the building is in compliance with the Code, Ms. Sims has proposed to install fire escapes for the second and third stories of the building.

### E. The Board's Decision to Deny the Variance was not a Valid Vote.

Finally, the Board's vote to deny the variance is invalid. The Philadelphia Zoning Board has set requirements for valid actions by the Board, including:

> (2) Four members of the Board shall constitute a quorum for any public hearing required under this Title.
> (3) The concurring vote of a majority of the Board, present and constituting a quorum at a public hearing, shall be required for action by the Board.

§ 14-1805. At the March 3, 2010 hearing, four members of the Board were present, constituting the minimum requisite quorum for the hearing to proceed. This means that a minimum of three members of the Board who were present at the hearing needed to vote on the variance. This did not occur.

Of the four present at the hearing, only Lynette Brown-Sow and Carol Tinari voted. Neither Martin G. Bednarek nor Anthony Lewis, who were present at the hearing, voted. The only other vote came from Sam Staten, Jr. who merely voted based on a reading of the hearing transcript, and was not actually in attendance at the hearing. The final member of the Board, Peter Gonzales, did not attend the hearing or vote. The vote of the Board is attached on page 5 to **Exhibit "B"**.

While a quorum of four members of the Board attended the hearing, a majority of *those four* needed to vote in order for the Board to take action. The Board seems to have attempted to get around this due to the fact that another member of the Board voted, giving them a total of three votes on the variance, but that vote failed to meet the requirements set forth in the Code. As such, the Board did not have the authority to make a decision on this matter.

## VI. Relief

Based on the foregoing, Appellant Wessie Sims' application for a variance from the Philadelphia Zoning Code should be granted. Ms. Sims respectfully requests that this Honorable Court vacate the decision by the Philadelphia Zoning Board of Adjustment and grant the requested variance.

THE D'ARRO FIRM, P.C.

BY: _____/s/_____

March 3, 2011

FRANCESCO G. D'ARRO, ESQUIRE
Attorney for Appellant, Wessie Sims
1325 Spruce Street
Philadelphia, PA 19107
215.546.6620

inspections, examinations, and other official actions, all of which shall be immediately filed in the office of the Board and shall be a public record.

(7) The Board shall fix a reasonable time for the hearing of appeals or other matters within its jurisdiction, give public notice thereof, as well as due notice to the parties in interest, and decide the same within a reasonable time.

(8) Any party may appear in person or by his attorney. For good and proper cause, the right of an attorney to practice before the Board may be suspended by the Board. Statements by a person's attorney on his behalf may be considered as testimony.

(9) Any agency of the City shall have the power, in all public hearings before the Board, to appear and to present facts and information to assist the Board in reaching a decision.

(10) The fees listed in Section 14-1706(d) shall be paid for a hearing before the Board.[587]

(11) Where it is necessary to repost notice of hearing, in order that each street frontage of premises, with which the appeal is concerned, is posted for at least 12 consecutive days immediately prior to and including the day of the hearing before the Board, applicant must apply for a reposting from the Board. The fee for such reposting is listed in Section 14-1706(e).[588]

(12) Hearings on appeals relating to the One Year Rule set forth in Section 14-1703(6) shall be conducted in accordance with the procedures set forth therein.[589]

## § 14-1805. Hearings.[584]

(1) Hearings of the Board shall be held at the call of the Chairman and at such other times as the Board may determine.

(2) Four members of the Board shall constitute a quorum for any public hearing required under this Title.[585]

(3) The concurring vote of a majority of the Board, present and constituting a quorum at a public hearing, shall be required for action by the Board.[586]

(4) All hearings shall be open to the public.

(5) The Board may administer oaths and compel the attendance of witnesses, for which purpose subpoenas may be issued.

(6) The Board shall keep minutes of its deliberations showing the vote of each member upon each question or, if absent or failing to vote, indicating such fact, and shall keep records of its hearings,

## § 14-1806. Decisions of the Board.[590]

(1) All decisions of the Board shall be in writing, and notice thereof shall be mailed to the applicant and his attorney of record and to such other persons or attorneys who have properly entered an appearance in the case. The decision shall be a public record.

---

[584] Renumbered, 1991 Ordinances, p. 1198.

[585] Amended, 1963 Ordinances, p. 705.

[586] Amended, 1973 Ordinances, p. 935.

[587] Amended, 1988 Ordinances, p. 339; amended, 1992 Ordinances, p. 550; amended, 1993 Ordinances, p. 1143; amended, Bill No. 970092 (approved June 23, 1998); amended, Bill No. 000350 (approved August 11, 2000), effective July 1, 2000.

[588] Amended, 1988 Ordinances, p. 339; amended, 1992 Ordinances, p. 550; amended, Bill No. 000350 (approved August 11, 2000), effective July 1, 2000.

[589] Added, Bill No. 990844 (approved December 31, 1999).

[590] Renumbered, 1991 Ordinances, p. 1198.

*4. The number of floor levels to reach exit discharge.*

*5. Whether roof access for the fire department is available from the stair.*

*Where access to the roof from the exit stair enclosure is not direct, but is available through a room or corridor accessed from the exit stair enclosure, the sign shall include the words "Indirect Roof Access". A properly oriented floor diagram shall be provided at the exit stair landing at the floor level that provides the indirect roof access The floor diagram shall indicate the route to the door, stair or ladder that leads to the roof and be located at approximately eye level near the stair floor landing sign*

*The floor level designation character shall be a minimum of 6-inches (152 mm) high and characters for the remaining information shall be a minimum of 1½ inches (38 mm) high. The sign shall be located 5 feet (1524 mm) above the floor landing in a position which is readily visible when the doors are in the open and closed positions.*

## SECTION F-1027 MEANS OF EGRESS FOR EXISTING BUILDINGS[81]

\* \* \*

*F-1027.1.1 Existing buildings with one exit.[83] Where a building with one exit was constructed in conformance with the building code in effect at the time the building was constructed, the single exit is acceptable provided it is in accordance with one of the following conditions:*

*1. A nonresidential building not exceeding 6 stories above grade.*

*2. A residential building not exceeding 3 stories above grade.*

*3. A building equipped with a fire suppression system and fire alarm system throughout*

**PM-405.1.2 Rooming houses, dormitories and hotels:** Where private water closets, lavatories and bathtubs or showers are not provided in rooming houses, dormitories and hotels, a minimum of one water closet, lavatory and bathtub or shower shall be provided with access from a common hallway for each six occupants or fraction thereof. Such facilities shall not be more than one story removed from the occupants intended to share them.

# United States District Court
## Eastern District of Pennsylvania (Philadelphia)
### CIVIL DOCKET FOR CASE #: 2:12-cv-05486-LDD

SIMS v. CITY OF PHILADELPHIA et al
Assigned to: HONORABLE LEGROME D. DAVIS
Cause: 42:1983 Civil Rights Act

Date Filed: 09/25/2012
Jury Demand: Plaintiff
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

**Plaintiff**

**WESSIE SIMS**

represented by **SHARON N. HARVEY**
HARPER & PAUL
140 W.MAPLEWOOD AVE
PHILADELPHIA, PA 19144
215-844-4848
Email: harper140@aol.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**CITY OF PHILADELPHIA**
*TERMINATED: 01/10/2013*

represented by **ANNE B. TAYLOR**
CITY OF PHILA LAW DEPT
1515 ARCH ST 14TH FL
PHILADELPHIA, PA 19102
215-683-5447
Email: anne.taylor@phila.gov
*TERMINATED: 01/10/2013*
*LEAD ATTORNEY*

**Defendant**

**ZONING BOARD OF ADJUSTMENTS**
*TERMINATED: 01/10/2013*

**Defendant**

**LYNETTE M. BROWN**
*SOW, CHAIRWOMAN*

**Defendant**

**CAROL B. TINARI**

**Defendant**

**ANTHONY LEWIS**

**Defendant**

**SAM STATEN, JR.**

**Defendant**

**MARTIN G. BEDNAREK**

| Cases and Authorities | Pages |
|---|---|
| | 1 |
| Crawford V. Andrew Systems In 11th cir. (1997) | 2 |
| Howard Gault and son Tex, civ. app. | |
| Zelson V. Thomforde No. 17589 (1969) | 4 |
| Pennoyer V. Neff, Supreme Court (1877) | 5 |
| Collier + Wallis V. Astor 9 Cal. 2d 202 | 6 |
| United States V. Colangelo No. 8497. | 7 |
| Collins V. Harker Heights, Tex. Nov. 5 (1991) | 8 |
| City of Oklahoma City V. Tuttle June 3, 1985) | 9 |
| Benintendi V. Kenton Hotel 29 4 N.Y. | 10 |
| Village of Euclid V. Ambler Realty (1926) | 11 |
| Piece V. Society of Sisters 268. U.S. 510 | 12 |
| Final Decision Rule Title 28 U.S.C.A. 1291 | 13 |
| Schaumburg/Glunt, Inc. V. Parmley. | 13 |
| Monell 436. U.S. at 694 | 14 |
| United States V. Classic (1941) | 15 |
| Title 42 U.S.C. 1988 | 16 |
| Peoples V. Peoples 10 N.C. app. 402, | 17 |
| Haines V. Kerner 404. U.S. 519, (1972) | 18 |
| Jury selection and service act of (1968) | 19 |
| Exparte Virginia For the | 20 |
| Western district of Virginia and | 21 |
| United States V. Erie County, May 10, 1940. | 22 |

Crawford V. Andrew Systems inc 11th Cir (1997) 23

Wilson V. sway 69, Cal, app. 2d. 560. 24

Fortuna V. Zoning Board of adjustment 25

Scaduto V. town of Bloomfield Supreme Ct. 25

Justice St. ongf 95, N.H. 306, 63, A.2d.22. 26

Fuentes V. Shevin Supreme ct 407, U.S. 67. 27

Procedural law Long V. Storms 52 Or, APP. 27

Goldberg V. Kelly 397, U.S. 254, 90, S.Ct. 27

Sims V. United pacific Ins. CO. N.C. Idaho, 28

Allen V. Fisher 574, P. 2d. 1314, 1315. 28

Jeffries V. Turkey Run Consolidated School. 28
Dist. C.A. Ind. 492, F. 2d. 1.3,

Dorsey V. solomon, D.C. Md. 436, F. supp. 725 29

people V. Jacobs, 27, Cal. app. 3d. 246 103. 29

Shapiro V. Royal Indem CO. N.C. P.A. 100 F. supp. 801 30

Adams V. Wainwright U.C. Fla. 512. F. supp. 948 30

Barns V. Reno. 899, F, supp 1337 30
Eastern District of P.A. philadelphia U.S.C.A. Const. Amend 5.

Shore V. Fauver 213, F. 3d. 113, 3d. Cir. 2000 31

Phillips V. County of Allegheny 515, F. 3d. 228. 2008 page 31

Fed. R. Civil procedure 50(a) 31

Declaration of the rights of the inhabitants 32

Zelson Court decision No. 17589 (1969) 33

Roberts V. State Ind. 492, N.E. 2d. 310,313, 33

U.S. V. Mc Cord, 166, U.S, app.D.C. 1 509. 33

Responsibility To Decide. 34

Civil Rights act of april 20, (1871) 35

Amendment 1 United States Const. 35

October term, 2010
No. 01619 Civil Action _ Law.
Philadelphia County.

## (1) Statement of Jurisdiction

This is motion for Final Judgment from a Decision of the Philadelphia Zoning Board of adjustment denying Claimant Wessie Sims Application for a Variance. This Court has Jurisdiction pursuant to

12 U.S.C. 1331

appeal was denied <u>august 24th 2011</u> (No Hearing

## (2) Statement of Questions Involved.

(a) Whether the philadelphia Zoning Board of adjustment erred in denying a Variance to Wessie Sims?

(b) Whether the Vote of the Board Was Valid?

A-1

In The United States District Court
Eastern District of Pennsylvania.

Wessie Sims Claimant.
4925 W. Stiles St.
Philadelphia P.A.
    19131

CV. No. 12-548

## Final Judgment
## Title 28 U.S.C.A. 1291

Above Named Claimant Respectfully
Files Motion pro-se for a Final Judgment
pursuant to Title 28 U.S.C.A. 1291.
and Case No. 12-5486.

### Arguement:

1. The District Court entered an initial
   Judgment June 11, 2013 and Closed the Case.

2.         In Crawford V. Andrew Systems Inc.
             119 F. 3d. 925, 11th Cir. (1997)

(A.) The Court held:
that the district. Courts, initial Judgment
Was unauthorized, see id at 1154.

(b) The Court noted that until March 29, (1995) Judgment was entered on remand, No Judgment existed.

(I)

## Federal Rule 58:

(a) Has provided that a Judgment is effective only when set forth on a separate document and entered as provided in Rule 79(a).

## Final Judgment:

(b) In re Tiffany 252, U.S. 32, 40, Supreme Court 239, 240, 64, L. Ed. 443.

(c) See: Howard Gault and son Inc. V. First Nat. Bank of Hereford, Tex. Civ. app. 523, S.W. 2d. 496, 498

(1) Judgment is Considered Final only if it determines the rights of the parties and disposes of all of the issues involved,

so that NO future action by the Court will be necessary in order to settle and determine the entire Controversy.

(2) In this Case Zoning Board members never answered the Complaint Nor Filed a responsive pleading.

(3)       Default Judgment:

under Fed Rule Civil p. 55:

(4) When a party against whom a Judgment for affirmative relief is sought has failed to answer or otherwise defend he is in default.

(5) Claimant filed a motion for default Judgment which was denied.

(6) City of philadelphia law Dept: Filed Motion to dismiss pursuant to 12 (b)(1) and 12 (b)(6) but did Not raise service of process under Fed. Rule 4 (m) therefore Waiving the issue. Motion to dismiss enclosed dated Dec. 19, 201

(3)

entered 12-19-2012, additional defenses were not raised in her initial motion. The fact remains that she did not do so.

(1.) Arguments not raised below cannot be raised for the first time on appeal.

See Harris V. City of Philadelphia
35, F. 3d. 840, 845,
3rd. Cir. (1994)

Zelson V. Thomforde No. 17589
United States Court of Appeals
Third Circuit argued march 27, (1969)
decided June 13, (1969)

(2) The Zelson Court Held:
the District Court erred in dismissing the action without the issue having been raised in the district Court by the defendants and therefore any objections to service of process are deemed to have been waived.

(3) Case No. 12-05486 Civil action was dismissed as to the following Defendants under Federal Rule of Civil procedure 4(M) as untimely served. Order attached, Here, the District Court erred, See Fed. R. app. p. 28.

(4)

There Was no Hearing.

1. Hearings are required by:
   68 stat. 79th Cong.
   2D sess. ch. 324
   June 11th 1946

2. Constitutional Guarantee of due process requires that requisite Hearing be afforded before Adminis'trative action becomes Final.

   King V. Hampton, Ed. MD (1971)
   327, F. supp. 714, affirmed

(3) The Constitutional Mandate requires the opportunity To be Heard.

   Pennoyer V. Neff 95, U.S. 714
   U.S. Supreme Court Oct. (1877)

(4) Hearings is a proceedings where evidence is taken To determine issue of fact, and to render decision on basis of the evidence people V. Venditti, 276, CA. 2d. 178, 80, Cal. R.P.T.R. 761, 762. See: U.S.C.A. 556.

## Hearing de novo:

(a) ~~Try~~ tried matter a new the same as if it had not been Heard before and if no decision had been previously rendered.

Case: Ray V Illinois racing Bd.
1 Dist. 113, Ill. app, 3d, 510,
69, Ill. Dec. 451, 454, 447,
N.E. 2d. 886, 889

(b) On Hearing de novo, Court hears matter as Court of original and not appellate Jurisdiction.

Collier + Wallis V. astor,
9 Cal. 2d. 202, 70 P. 2d. 171, 173.

(a) Sixty-first Congress, sess 111 Ch. 236, 1911
Chapter two District Courts Jurisdiction,
sec. 24 original Jurisdiction

(b) The District Court had Jurisdiction over this Matter under 12 U.S.C. 1331 because this Matter arose under the Constitution, laws, or treaties of the United States.

(1) Due process claims Filed 9-25-12 Were never Heard XIV sect. 1. U.S. Const.

(6)

United States v. Colangelo
27 F. Supp. 921, No. 8497.
District Court E.D. New York
april 27, 1939:

(a) allowed Case to be reopened
for receipt of the evidence in
opposition thereto.

(b) Rules of civil p. for District Courts
rule 59 28 U.S.C.A.

(c) Following section 723 (c):

(d) where opinion had been rendered
but no finding of fact or conclusion
of law have been filed.
U.S. v. Colangelo No. 8497.

) Rule 59 (a) (1) (B) allows a new
Trial to be granted in a Nonjury Action.

(7)

Collins v. Harker Heights, Yefa
Court of appeals for the Fifth Ci
No. 90-1279, argued Nov. 5, 19
Decided Feb. 26, (1992).

(a) The Court held in reviewing the rule
12 (b) (6) dismissal, the Court Will
keep them separate 916 F.2d at 286-287

(b) Holding proper Analysis requires the
Court to separate two different
Issues when a 1983 Claim is
asserted against a Municipality:
1. Whether plaintiff's harm Was Caused
by a Constitutional Violation.
2. If so, whether the City is responsible
for that Violation.

(3) Quoting Monell, supra, at 694.
It is When the execution of the Government
policy or Custom inflicts the injury
that the Municipality May be
Held liable under (1983).

City of Oklahoma City v. Tuttle
Certiorari to the united States
Court of appeals for the tenth
Circuit no. 83-1919
Argued Jan. 8, (1985)
Decided June 3, (1985)

(a) The court of appeals held that proof of a single incident of unconstitutional Activity Could suffice to establish municipal Liability.

(1)    Supreme Court, County of Sacramento V. Lewis 523, U.S. 833, 118, 8. Ct. 1708 140, L. Ed. 2d. 1043, (1998):

(a) The behavior of the Government shocks the Conscience of a reasonable Observer.

(b) There are three possible standards to determine whether State Action shocked the Conscience.

1. Deliberate indifference.

2. Gross negligence, or:

3. Arbitrariness that indeed shocks the Conscience, or intent to Cause harm.

(9)

# Quorum.

## Philadelphia Code:
### 14 – 1805. Zoning Board:

(1) Four members of the Board shall Constitute a Quorum for any public hearing required under this Title.

2. The Vote of a Majority Constituting a Quorum is required by action by the Zoning Board.

(a) The march 2010 Hearing 3rd. of march, Was less than a Quorum.

(A) Beninstendi V. Kenton Hotel
294. N. Y. 112, 60 N. E. 2d. 829, 831.

The idea of a Quorum is that, when that required number of persons goes into a session as a body the Votes of a Majority thereof are sufficient for binding action. In both Houses of Congress a Quorum Consists of a Majority of those chosen and sworn. In the absence of any law, or rule fixing the Quorum consists of a Majority of those entitled to act.

(10)

272 U.S. 365, Supreme Court
Village of Euclid v. Ambler Realty
Co. No. 31 argued Jan 27, (1926)
Decided Nov, 22, (1926).

Top opinion of the Court was delivered
by Mr. Justice Sutherland Holding:

(a) If the validity of the legislative
classification for zoning purposes
be fairly debatable the legislative
judgment must be allowed to control. P. 388.
Radice v. New York
267, U.S. 292, 294.

(b)

(C) The Court Held:

(1) The ordinance is assailed on the
grounds that it is in derogation
of 1 of the Fourthteenth Amend. XIV.
to the Fed. Const. in that it deprives
appellee of liberty and property with
out due process of law, and denies
it the equal protection of the law.

(11)

(2) The Court below held the Ordinance to be unconstitutional and void, and enjoined its enforcement.

297, Fed. 307 reversed.

(3) The equitable Jurisdiction is clear. The existence of the Ordinance in effect Constitutes a present invasion of appellee's property rights.

See: Terrace V. Thompson 263, U.S. 197, 215, and:

Piece V. Society of Sisters 268, U.S. 510

(4) The Ordinance Violates the Constitutional protection to the right of property. appeal from a decree of the:

(5) District Court, relief was sought upon the ground that because of the building restrictions imposed deprived Appellee of liberty and property without due process of law p. 379. The opinion of the Court was never overturned.

(12)

## Final decision rule:
## Title 28 U.S.C.A. 1291

1) appeals to Federal Courts of appeals from U.S. District Courts must be from final decisions of district Courts.
28 U.S.C.A. 1291;

2) Because the Courts of appeals lack jurisdiction over nonfinal judgments.
28 U.S.C.A. 1291

3) Final appealable order or judgment disposes of all issues and all parties in the case and leaves nothing for further determination.
Schaumburg / Hunt, Inc. v. Parmley, MO. app. 701, S.W. 2d. 201, 202.

## Final award:

4) Conclusively determines the matter submitted to execute and carry out terms of award.
Mohope v. Jeffries 55, Cal. app. 3d. 816, 128, Cal. RPTR. 115, 120.

(13)

Forty-second Congress
sess. 1. ch. 22, 1871
April 20

An act to enforce the provisions of the
Fourteenth Amendment to the Constitution
of the United States, and for other purposes.

(a) any person under Color of any law, of any
State depriving another of any right secured
by the Constitution of the United States, made
liable to the party injured, proceedings to
be in the Courts of the United States.

United States V. Classic
313, U.S. 299, 326 (1941)

The Courts Conclusion in U.S. V. Classic:

1) That misuse of power possessed by virtue
of State law and made possible only because
the wrongdoer is clothed with the authority
of State law is action taken under Color
of State law. Was founded on the rule
announced in ex parte Virginia
100, U.S. 339, 346, 347 (1880) that the
actions of a State officer who exceeds
the limits of his authority constitute State
action for the purpose of the XIV Amend.

(15)

1988 proceedings in Vindication of civil rights act of april 9,(1866) The Jurisdiction in civil and Criminal Matters Conferred on the District Courts by the provisions of Titles 13, 24, and 78 of the revised Statues for the protection of all persons in the United States in their Civil Rights.

A)      Resolving Clause:

b) Resolved by the Senate and House of Representatives of the united States of America in Congress assembled.

C) an act to protect all persons in the united States in their civil rights and furnish the Means of their Vindication april 9,(1866).

## Title 42 U.S.C. 1988

In relevant part provides:

a) The Jurisdiction in civil and Criminal Matters Conferred on the district Courts by the provisions of this title, and of title civil rights and of title Crimes for the protection of all persons in the united States in their civil rights, and for their Vindication, shall be exercised and enforced in Conformity with the laws of the united States.

(16)

Conclusion of Law:
## Fed. R. Civil p. 52(a)

(a) The Finding by the Court as determined through application of Rules of Law.

(b) The Final Judgment or decree required on basis of facts found, or Verdict.

c) as a result of Findings in a Case tried Without a Jury, the Judge must state them Separately in Writing.

Peoples V. peoples, 10 N.C. app. 402, 179 S.E. 2d. 138, 141.

1) A Final decision which may be appealed to the Court of appeals under Title 28 U.S.C.A § (1291)

2) Final decision is one that ends Litigation on merits for Courts to execute Judgment. U.S. V. One parcel of Real property With Bldgs. Etc. C.A. 7d.

(17)

: Where in Rhodes the Court held <u>Rhodes</u>

When a Federal Court reviews the sufficiency of a Complaint before the reception of any evidence either by an affidavit or admission, the issue is Not whether a plaintiff Will ultimately prevail but whether the claimants are entitled to offer evidence to support the claims.

The district Court dismissed the Complaint Without affording Claimant the opportunity to introduce any evidence on the issue, Fairness dictates that claimant be provided that opportunity. This is particularly true given that a Court is obliged to Consider a pro-se Complaint liberally. see Haines V. Kerner 404, U.S. 519 520-21 (1972)

(18)

# Ch 5 Administrative procedure 556

(a) 553 and 557 of this title providing for formal agency hearing and making of record in rule making procedure need be applied only where agency statue in addition to providing a hearing prescribes explicitly that it be on the record.

(b)     U.S. V. Allegheny Ludlum
        steel Corp. U.S. P.A. (1972).
        Supreme Ct. 1941, 406, U.S.
        742, 32, L. Ed. 2d. 453
        Administrative Law
        and procedure 400.

(C) Jury selection and service act of (1968).
    28 U.S.C.A. 1861 where the jury was not selected.

(1) Jury 33 (1) (5) the court has affirmative and independent obligation to ensure that its jury plan complies fully with the united States Constitution and all applicable statutory provisions 28 U.S.C.A. 1863 (a).

) Claimant was not afforded a fair and impartial trial, and a hearing by an impartial and disinterested Tribunal.
        Denied Due process.
        V. amend.

Supreme Court oct. (1879) ex parte Virginia
In the District Court of the United States
For the Western district of Virginia

(A) The Court Held sect. 2 the section of
the act entitled an act to protect all
Citizens in their civil and legal rights
approved march 1, (1875) which enacts
that no Citizens possessing all other
Qualifications which are, or may be
prescribed by law, shall be disqualified
From service as ground or petit juror
in any Court of the United States, or of
any state on account of race color or
previous Condition of servitude:
And any officer or other person charged
With any duty in the selection or Summoning
of Jurors, who shall exclude or fail to
Summon any citizen for the Cause aforesaid
be deemed Guilty, Authorized by
the Thirteenth and Fourteenth Amendment
of the Constitution.
Sect. 4. That Amendment Was ordained
to secure equal rights to all persons.

20

Ex parte Virginia:

## Argument:

sect. 3. Whoever by virtue of his public position under a State Government deprives another of life, liberty, or property without due process of law or denies or takes away the equal protection of the laws violates that inhibition.

The inhibition contained in the fourteenth amendment means that no agency of the State, or of the officers or agents by whom her powers are exerted shall deny to any person within her jurisdiction the equal protection of the laws.

A. The Judge assigned had Jurisdiction over this Case in the District Court, under 12 U.S.C 1331 because this Matter arose under the Constitution, laws, or treaties of the United States.

sect. 5 Ex parte Virginia States clearly: The act of A. in selecting Jurors was ministerial not Judicial and although he derived his Authority from the State he was found in the discharge of that duty To Obey the Federal Constitution and the laws passed in pursuance thereof. The Jurors Was not selected.

21

United States v. Erie County et al.
No. 2253 United States District Court
for the Western District of New York.
8 F. R. D. 493 U.S. District.
Lexis 2038 May 10, 1940:

(a) Fed. R. Civ. P. 54 (C) provides the
Court shall grant a Judgment to which
a party is entitled though not demanded
in the Complaint.

(b) Where R. Civil P. 60 Governs relief
from Judgment because of mistakes
inadvertence, excusable Neglect,
newly discovered evidence, fraud, etc.

(c) Judgment is the final decision of the
Court resolving the dispute and determining
the rights of the parties; the law's last
Word in a Judicial Controversy, it being
the final determination by a Court of the
rights of the parties upon matters submitted
to it in an action or proceeding.
Towley v. King Arthur Rings, Inc.
40 N.Y. 2d. 129, 386 N.Y.S.2d.
88, 351, N.E. 2d. 728, 730.

22

In Crawford V. Andrew Systems inc.
119, F. 3d. 935, 11th Cir (1997)

The court Held: The District Court has no Authority
to grant a Judgment notwithstanding a Verdict,
The Court noted the Case is left Without a
Judgment until one is entered Authorized by law.
Denied Due process.

(a) The privileges and immunities Clause:

(b) under provision of article IV. sect. 2
which pertains to the Federal Government:

1. The Citizen of each state shall be entitled
to all privileges and immunities of Citizens
in the several States.

2. While the XIV amendment provides no
state shall make or enforce any law which
shall abridge the privileges or immunities
of Citizens of the united States:

3.
Nationalization of the Bill of Rights
Baron V. Baltimore
7 peters 243, 8 L. Ed. 672, (1833).

23

4) In the appellate Court opinion page 5 Case No. 13-1398 it states as such the District Court had nothing upon which to rule and we have no Decision to review.

(b) where a Decision of the Court is its Judgment, Decree, or Order pronounced by the Court in settlement of a Controversy submitted to it, the Findings of Fact and Conclusions of law which must be in writing and filed with the clerk.

Wilson v. sway 69, Cal, app. 2d. 560
160, P. 2d. 154, 156

(1.) appeals to Federal Courts of appeals must be from Final Decisions of the District Courts; because the Courts of appeals lack jurisdiction over Non-Final Judgments Title 28 U.S.C.A. 1291.

2. where opinion had been rendered by the Court of appeals; but no findings of fact or Conclusion of law have been filed allowed Case to be reopened for receipt of the evidence in opposition thereto.

united States v. Colangelo April 27, (1939)
27 F. supp. 921, no. 8497.
District Court E.D. New York

(3) Rules of civil p. for District Courts
Rule 59 28 U.S.C.A.
Following section 723 (C).

24

Fortuna v. Zoning Board of Adjustment
City of Manchester et.al.
95 N.H. 60 A. 2d. 133
Supreme Court July 6 (1948):

(A) The Supreme Court pointed out that any
Hardship suffered by the defendant as
a result of the interference With its
Right To use its property Without Commen-
surate public Advantage is an
unnecessary Hardship and not required
To give full effect To the purpose
of the Ordinance.

(B)
Scaduto v. town of Bloomfield
20 A. 2d. 649, no. 26th
Supreme Court of New Jersey June 18 (1941),
Municipal Corporations 621:

(1) The Statutory provisions Authorizing Variation
from Zoning Ordinance if due to special
Considerations, A Literal enforcement of Ordinance
Would result in unnecessary Hardship Was
designed To permit the reasonable use of Particular
Property and thus To Guard against an unwarranted
interference With right To private property.
N.Y.S.A. 40: 55 — 39.

25

1. The Philadelphia Zoning Boards Decision to Deny the Variance Was not a Valid Vote:

2. Because the Vote was less than a Quorum, Where a minimum of three members of the Board Who was present at the Hearing needed to Vote on the Variance; this did not occur.

3. To Deny the Variance Caused Claimant a Hardship, privation and suffering which is unduly oppressive, Arbitrary and Confiscatory;

See Justice St. Onge V. City of Concord 95, N.H. 306. 63. A. 2d. 230.

4. Claimant's property which belongs Exclusively to her, and Guaranteed and protected by the Government.

See: Fulton light, Heat & Power Co. V. State, 65 misc. Rep. 263, 121, N.Y.S. 536.

5. property includes every invasion of one's property rights by actionable Wrong. Labberton V. General Gas Co. of America 53, Wash. 2d. 180, 332, p. 2d. 250, 252, 254.

26

7 Due process rights, all rights which are of such fundamental importance as to require compliance with due process standards of fairness and justice. procedural and substantive rights of claimants against Government actions that threaten the denial of life, liberty, or property.

8) In Violation of procedural due process Because:

1.) The Case Was Never Heard, Minimal procedural:
2.) Due process is that parties Whose rights are to be affected are entitled To be Heard.

(3) Fuentes v. Shevin, 407 u.s. 67, 7992 S.Ct. 1983, 1994, 32 L. Ed. 2d. 556.

3) procedures which due process requires beyond that minimum must be determined by a balancing analysis based on the specific factual Context.

Citing: Goldberg v. Kelly 397 u.s. 254, 90, S.Ct. 1011, 25, L. Ed. 2d. 287.

(4) procedural law that which prescribes Method of enforcing claimants rights and obtaining redress for evasions.
Citing: Long v. Storms, 52 Or. App. 685, 629, P. 2d. 827, 828.

27

(5) Rules of civil procedure:

The Judicial process for enforcing rights and duties recognized by substantive law and for justly administering redress for infraction of them:

Sims V. United Pacific Ins. Co.
D.C. Idaho, 51 F. Supp. 433, 435.

(6) Substantive law regulates rights and duties of parties by enforcing the rights and obtaining redress for their invasion.

Allen V. Fisher 574 p. 2d. 1314, 1315.

Substantive due process:

(7) Doctrine that due process clauses of the fifth and Fourteenth amendments to the united States Constitution require legislation to be fair and reasonable in content as well as application. The Constitutional guarantee that no person shall be arbitrarily deprived of his life, liberty or property.

8. The Essence of Substantive due process is protection from arbitrary and unreasonable action:

Jeffries V. Turkey Run Consolidated School Dist. C.A. Ind. 492. F. 2d. 1. 3.

28

In violation of civil rights:

(A) Civil rights are such as belong to every Citizen of the state or Country, or, in a Wider sense, to all its inhabitants, and are not Connected With the organization or Administration of Government. They include the rights of property, equal protection of the laws and trial by Jury, etc. Argument:

(B) Civil rights are rights appertaining to claimant by virtue of her Citizenship in a State or Community. Her rights are secured to Claimants as Citizens of the United States by the Thirteenth and Fourteenth amendments to the Constitution, and by various acts of Congress (e.g. Civil Rights act). made in pursuance thereof.

(C) Amendment XIV, section 1. reads in part: nor shall any state deprive any person of like, liberty, or property, Without due process of law, nor deny to any person Within its Jurisdiction the equal protection of the laws:

(1) doctrine simply means that similarly situated persons must receive similar treatment under the law. Dorsey v. solomon. D.C. Md. 4 36, F. supp. 7 2 3, 7 33.

(2) see: people v. Jacobs, 27, Cal. app. 3d. 246, 103, Cal. Rptr. 5 36, 5 43, 14th Amend. U.S. Constitution.

29

Section (1983) protects all rights
Guaranteed by the XIV Amendment.

) 1983 provides civil action for both
Deprivation for denial of Due process
and Equal protection.

Shapiro V. Royal Indem Co.

(A)    D.C. P.A. 1951, 100 F. supp. 801

Held: no matter how unlikely it may seem
that pleader will be able to prove his Case
He is entitled on Averring a Claim to an
opportunity to try to prove it.

Adams V. Wainwright U.C. Fla
(b)    512, F. supp. 948, 953.

Liberty interest is recognized as protected
by the Due process clauses of State and
Federal Constitution U.S.C.A. Amend. 5, 14.

Eastern District of P.A. philadelphia (1995)
(C)    U.S.C.A. Const. Amend 5   Held:

(d) in Barns V. Reno. 899, F. supp. 1337

1. Right to Due process Attaches where Asserted
liberty interest is Recognized by
Constitution or Statue.

30

## Argument:

1. The city filed a motion to dismiss Dec. 19th 2012 pursuant to 12(b)(1) and 12(b)(6) for failure to state a claim.

2. In Shane v. Fausser, 213, F. 3d, 113, 3d Cir (2000) in the event the complaint fails to state a claim, the District Court must give plaintiff the opportunity to amend the complaint.

3. In Phillips v. County of Allegheny 515, F. 3d, at 228, 3d. Cir. (2008). The Court:

4. Held: pursuant to Rule of Civ. P. 12(b)(6) 28 U.S.C.A. unless the Court finds that amendment would be futile the Court must inform plaintiff she has leave to amend the complaint with a set period of time. This was not done in the instant case.

(5) Fed. R. Civil P. 50(a) provides:

A. In a case in which the party has failed to state a claim for jury consideration, the trial judge may order the entry of a verdict without allowing the jury to consider it, because as a matter of law there can be only one such verdict. There was no verdict.

31

# Argument.

## Chapter 1. States Clearly:

A declaration of the rights of the inhabitants of the Commonwealth or State of Pennsylvania

1. That all men are born equally free and independent, and have certain natural, inherent and unalienable rights, amongst which are the enjoying and defending life and liberty, acquiring, possessing and protecting property, and pursuing and obtaining happiness and safety.

11. Nor can any man who acknowledges the being of a God, be justly deprived or abridged of any civil right as a Citizen.

The convention of (1776).

By Virtue of the Authority Vested in us by our Constituents, Ordain, declare and establish the following Declaration of rights, and Frame of Government to be the Constitution of this Commonwealth, and to remain in Force therein For ever unaltered.

Zelson Court Decision June 13 (1969).

## Argument:

The Zelson Court Held:

A. The District Court erred in dismissing the action without the issue having been raised in the District Court under Fed. R. Civ. P. 4 (m) service of process and therefore any objections to service of process are deemed to have been waived. This case was dismissed pursuant to Fed. R. Civ. P. 4 (m).

b) This Grave, and Fundamental Error, if Not rectified would result in denial of Fundamental Due process:

Citing: Roberts V State Ind. 492, N.E. 2d. 310, 313.

C) Where this Error affects the substantial rights of claimant and which, if uncorrected, would be an affront to the integrity and reputation of Judicial proceedings.

U.S. V. McCord, 166, U.S. Apps DC 1, 509, F. 2d. 334, 341.

33

The District Court never Heard the Case:

Canon 2 Rule 2.7
Responsibility to Decide:

(a) A Judge shall hear and decide matters assigned to the Judge: Canon 2 Rule 2.2:

(b) Impartiality and Fairness:

(c) A Judge shall uphold and apply the law and shall perform all duties of Judicial office fairly and impartially.

(1) Failure To accord the parties a Full right To be heard according To the law in violations of Canon 3, (a) (4) of the Code of Conduct for U.S. Judges. preamble: This Code shall Constitute the Canon of Judicial ethics referenced in article V. section 17(b) of the Pennsylvania Constitution.

(2) The Code of Conduct for United States Judges was initially adopted by the Judicial Conference on april 5th (1973) and was known as the Code of Judicial Conduct for United States Judges. JCU5-april 73, PP9-11, File (1973) 04 Pd F. A Judge should accord to every person who has a legal interest in a proceeding and that persons lawyer the full right to be Heard According To law.

34

Forty-second Congress sess 1 Ch. 22 (1871).
Governing Civil Rights
Title 42 U.S. CA (1983) Rev Stat. 179
Derived from 1 of the Civil Rights
Act of April 20, (1871) 17 stat 13 provides:

A) That any person who under Color of any law,
Statue, Ordinance, regulation, Custom,
or usage of any state shall subject, or Cause
To be subjected, any person within the
Jurisdiction of the United States To the deprivation
of any rights, privileges or immunities
Secured by the Constitution of the United States
shall, any Such law, statue, Ordinance
regulation, Custom, or usage of the state
To the Contrary notwithstanding be liable
To the party injured in any action at law
suit in equity or other proper proceedings
for redress such proceeding To be prosecuted
in the several district or Circuit Courts
of the United States.

Amend 1 (1791)

(b)

(C) Congress shall make no law respecting an Establishment
of religion, or prohibiting the free exercise thereof, or
abridging the Freedom of speech, or of the press, or the
right of the people peacefully to assemble, and to Petition
the Government for a redress of Grievances.

35

Haines V. Kerner Et Al. per Curium
U.S. Court of appeals seventh Circuit
NO. 70-5025 argued Dec. 6, (1971)
Decided Jan. 13, (1972).

## Argument.

7. Holding: the pro-se Complaint should not have been dismissed:

b) Without offering the opportunity to present evidence on his claims 427, F. 2d. 71, and

C) The Court Conclude that the pro-se petitioner is entitled to an opportunity to offer proof.

Civil Rights act July 2, (1964)
signed by president Lyndon
Baines Johnson.

(a) When the civil rights act was passed, Congress turned this act into the XIV Amend. and sent it to the States for Ratification to prevent it from being declared unconstitutional, it gave the Negro protection against Discrimination.

(b) The federal Ratio was abolished and the amendment warned the States that denied Negroes equal rights that they would suffer a proportionate loss in Representation in Government service.

Denied Due process XIV sect 1.

36

Statement of Issues:

<u>5th Amend</u> pertains to the Fed. Gov.

1. The District Court dismissed the Civil Complaint Without:

2. Notice:

3. Without the opportunity to be Heard:

4. Without the opportunity to present evidence.

5. Without a Trial:

6. Fed. Rule 43.1 Conduct of trials must be on the trial of an issue or fact.

7. Local Rule 40.1 where a case is filed and assigned to a Judge who shall thereafter have charge of the case for all purposes. The Judge never Heard the case.

8. The District Court had Jurisdiction over this matter under <u>12 U.S.C. 1331.</u>

9. The Concept of Due process of law as it is embodied in the Fifth Amend <u>demands</u> that a law shall not be unreasonable, Arbitrary or Capricious, and that the means selected shall have a reasonable and substantial relation to the object being sought. U.S. V. Smith, D.C. Iowa 249, F. Supp, 515, 516.

37

Issuing Executive Order No. 9808
Dec, 5, (1946) 11 F.R. 141 53 Statement
By President Harry S. Truman :

A. provides: The Constitutional Guarantees
of Individual liberties and equal
& protection under the laws clearly
place on the Federal Government
the duty to act when state or local
Authorities abridge or Fail to protect
these Constitutional Rights.

(b) Article 6 provides:
That state laws are found to agree with
laws in the Constitution T.(10-H) and all
Judges have sworn or affirm to protect
and defend the Constitution of the United States
on their Oath or affirmation.

(C) It is settled beyond Question that the
rights Created by the First section of
XIV amendment are by its terms Guaranteed
to the Individual, The rights Established
are personal rights. It has has been
more than once said the Constitution is
the Vehicle of a Nations life, Because
it Guides Our nation.

38

Invalid Vote by the Philadelphia Zoning Board of Adjustment:

(1) Where the Vote Was less than a Quorum in Violation of Code 14—1805

(2) At the March 3, 2010 Hearing Four members of the Board Were present, A minimum of three members who Were present needed to Vote on the Variance, This did not occur, There Were only two Votes, The Chairlady Lynette Brown—Sow and Carol Tinari Voted.

(3) Where the Philadelphia Code 14—1805 requires a Quorum:

(4) The City is Responsible For its employee's Actions where the city Failed to Control its employee's and To train, superintend and Oversee, The City Was in Control, but Failed To use its power and Authority over its employee's. The City did Not Control the Philadelphia Zoning Board of Adjustment, and Worse of all, the City did Nothing at all about the Action by the Board.

Martin V. State, 175 ind. app. 503, 372, N.E. 2d. 1194, 1197,

(5) This action by the Zoning Board Constitutes Wrongful Conduct. Duncan V. Lumbermen's Mut. Casualty Co. 91, N.H. 349, 23, A.2d. 325, 326.

39

A) Chairlady, and members of the Board knew the requirements set forth in the Philadelphia Code 14-1805 requiring the Vote of a majority To Constitute a Quorum for the public Hearing To proceed.

B) A majority of the entire body, in the Absence of any law, or rule fixing the the Quorum Consists of a majority of those entitled To act.

Benintendi V. Kenton Hotel
294, N.Y. 112, 60. N. E. 2d. 829, 831.

(1) This proceeding by the Board Was Willful purposeful, and not Accidental or involuntary.

2. The Boards action Was done Voluntarily and intentionally and With the specific intent to do something the law forbids, and With the specific intent To fail to do something the law requires to be done, The Vote of a majority of the entire body, This Was premeditated, and Without legal Justification.

Screws V. United States 325, U.S. 91,
101, 65, Supreme Court, 1031, 1035,
89, L. Ed. 1495

40

Exibits enclosed.

1. Vote of the Board

2. Motion to dismiss dated Dec. 19 (2012).

3. resquested Variance by Zoning attorney
dated March 3, (2011).

4. No. of pages 9 - Marked A. attached

5. Federal Docket sheet

6. Notice of Refusal

7. Court Order 5th day of February (2013).

4-1

## Conclusion:

For all of the foregoing reasons, as stated herein pursuant to law and Authorities Claimant requests Motion For Final Judgment be Granted.


Respectfully Submitted

Wessie Sims Claimant pro-se.

Date Nov 6, (2019).

42

Wessie Sims
4925 W. Stiles St.
Philadelphia PA 19131


CERTIFIED MAIL

7019 0700 0001 3034 0359

  
U.S. POSTAGE PAID
$8.65
PHILADELPHIA, PA
NOV 06, 19

United States District Court
for the Eastern District of Pennsylvania
601 Market Street
Philadelphia PA 19106
C/o Docket Clerk Michelle Helmer