**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| WESSIE SIMS, | : |
| Plaintiff, | : Case No. 2:12-cv-5486-JDW |
| v. | : |
| CITY OF PHILADELPHIA, *et al.*, | : |
| Defendants. | : |

**ORDER**

AND NOW, this 13th day of May, 2020, upon consideration of the Motion filed by Plaintiff Wessie Sims (ECF No. 40) and the Exhibits (ECF No. 38), the Court notes as follows:

1. Wessie Sims filed this case *pro se* in September 2012 (ECF No. 1);

2. The City of Philadelphia filed a Motion to dismiss the complaint in December 2012 (ECF No. 8);

3. On January 8, 2013, the Court informed Ms. Sims that she had not yet served the Complaint on Lynette Brown, Carol Tinari, Anthony Lewis, Sam Staten, Martin Bednarek, Mary Jane McKinney, Larissa Levan, Christine Quinn, and John Wolfe (the "Individual Defendants"), and warned her that the failure to serve them could result in the dismissal of claims against those defendants (ECF No. 11);

4. On January 10, 2013, the Court granted the City of Philadelphia's Motion to dismiss (ECF No. 12);

5. On February 6, 2013, the Court dismissed the action as to the Individual Defendants for lack of service and closed the case (ECF No. 13);

6. On February 11, 2013, Ms. Sims filed a Notice of Appeal (ECF No. 14);

7. Ms. Sims had counsel for her appeal;

8. On January 9, 2014, the Third Circuit affirmed the Court's dismissal of this case;

9. Ms. Sims filed a petition for rehearing or rehearing *en banc* in the Court of Appeals, but the Court of Appeals denied that petition;

10. On February 11, 2014, the Court of Appeals issued a mandate (ECF No. 16);

11. Since the Court of Appeals issued its mandate, Ms. Sims made several attempts to reopen this case, and the Court has denied all of them:

    a. On April 24, 2014, Ms. Sims filed a Request for Default Judgment against the Individual Defendants (ECF No. 19), and the Court denied that request, noting that "this case is closed, no party is in default, and we are not conducting a jury trial" (ECF No. 20);

    b. On February 10, 2015, Ms. Sims filed a Motion for rehearing (ECF No. 23), which the Court denied (ECF No. 24);

    c. On February 27, 2015, Ms. Sims filed a Motion to reconsider the Court's dismissal of her complaint (ECF No. 25), which the Court denied (ECF No. 26);

    d. On March 11, 2015, Ms. Sims filed a Motion for a new trial (ECF No. 27), which the Court denied (ECF No. 28);

    e. On March 18, 2015, Ms. Sims filed a Motion to alter judgment pursuant to Fed. R. Civ. P. 59 (ECF No. 29), which the Court denied (ECF No. 30);

    f. On April 6, 2015, Ms. Sims filed a Motion for judgment as a matter of law under Fed. R. Civ. P. 50 (ECF No. 31), which the Court denied (ECF No. 32);

    g. On April 24, 2015, Ms. Sims filed a Motion for relief from judgment pursuant to Fed. R. Civ. P. 60 (ECF No. 33), which the Court denied (ECF No. 34);

12. On November 8, 2019, Mr. Sims filed something titled "Final Judgment Title 28 U.S.C.A. 1291," in which she "respectfully files motion pro se for a final judgment pursuant to Title 28 U.S.C.A. 1291" (ECF No. 38 at p. 15);

13. Ms. Sims subsequently filed a "Notice of Motion" indicating that she served her motion on the City of Philadelphia (ECF No. 40);

14. The Court has studied Ms. Sims' submissions.  As best the Court can discern, Ms. Sims is asking for entry of a final judgment that she can appeal to the Court of Appeals.  It is not clear to the Court what the basis is for that request, and the Court finds none;

15. The Court has already entered judgment in this case when it dismissed the claims against all of the defendants in the case.  *See* Fed. R. Civ. P. 54(a) (defining "Judgment" as "any order from which an appeal lies");

16. Moreover, Ms. Sims could have appealed from any of the Court's Orders denying her various motions to restart the litigation throughout 2014 and 2015;

17. The Court sees no basis to revisit or reconsider any of the prior rulings in this case;

18. Section 1291, which Ms. Sims cites in her recent submission, is not a basis for relief; it is a statute conferring jurisdiction on Courts of Appeals to review District Courts' final judgments (*see* 28 U.S.C. § 1291); and

19. The Court concludes there is no basis, whether pursuant to Section 1291, a different federal statute, or a Federal Rule of Civil Procedure, to grant Ms. Sims any relief under the circumstances.

Therefore, in light of the foregoing, it is **ORDERED** that Ms. Sims' Motion for Final Judgment Pursuant to 28 U.S.C. § 1291 (ECF No. 38) and her Notice of Motion (ECF No. 40) are **DENIED**.

          **BY THE COURT:**

          */s/ Joshua D. Wolson*
          Hon. Joshua D. Wolson
          United States District Judge