In The United States Court Of Appeals
For the Third Circuit.

Wessie Sims
Complainant pro-se
4925 W. Stiles Street
Philadelphia, P.A. 19131

RECEIVED JUN 08 2020 U.S.C.A. 3rd CIR

C.V. No. 12-5486
June 1, 2020

## Notice Of Appeal
## 28 U.S.C.A. 1292

1. Final Judgment pursuant to 28 U.S.C. 1291 was denied by the Trial Court May 2020.
2. Complainant pro-se filed Motion For Final Judgment In Nov. 2019.

Title 28 U.S.C.A 1292,
Interlocutory appeals act:
a) Grants Discretion to the Courts Of Appeals to review any interlocutory Order whatever in a civil case if the trial:
b) Federal District Court Judge in making the Order has stated in writing that the Order involves a Controlling Question Of law as to which there is substantial ground for difference of Opinion and that an immediate appeal from the Order may materially Advance the ultimate Termination Of Litigation 28 U.S.C.A. 1292.

(1)

C) An interlocutory order or decree is one which does not finally determine a cause of action but only decides some intervening matter pertaining to the cause, and which requires further steps to be taken in order to enable the court to adjudicate the cause on the merits.

In re merie's Inc., C.A. Wash. 481 F.2d. 1016, 1018.

1. Here, the District Court Order dated March 25th 2015 denied Motion for Altering Judgment (Doc. no. 29).

2. The Court states plaintiff seeks an order from this Court setting aside our initial judgment under Federal Rule of civil procedure 59 on the basis of misrepresentation and fraud.

3. United States Court of appeals for the 11th Circuit 119, F.3d. 925, Decided August 15, (1997) in Crawford v. Andrew Systems.

c) Held the District Court's initial judgment was unauthorized see I.d. at 1154 Holding the District Court had no authority to grant a judgment notwithstanding a verdict.

(2)

b) The Court stated that until the District Court on remand entered Judgment March 29, (1995) the case is left without a Judgment until the District Court enters one that is authorized by law. The District Court entered an initial Judgment June 11, 2013.

1) The District Court dismiss this case for want of personal jurisdiction.

2) Court may not sua sponte dismiss for want of personal jurisdiction where defendant has entered appearance by filing motion or otherwise.

3) personal jurisdiction may be conferred by consent of parties; expressly or by failure to object.

4)    Zelson v. Thomforde United States Court of Appeals for the Third Circuit:

5) Argued March 27, (1969) Decided June 13, (1969).

6) Judgment is considered final only if it (argument:) determines the rights of the parties and disposes of all of the issues involved.

See: Howard Gault and Son, Inc. v. First Nat. Bank of Hereford, Tex. Civ. App. 523, S.W. 2d. 496, 498.

(3)

Exact Copy of notice of appeal dated June 1 2020 Mailed Certified With return receipt requested to attorney Anne B. Taylor Law Department City of philadelphia 14th Floor, 1515 arch Street. philadelphia, P.A. 19102

Respectfully Submitted
Wessie Sims Complainant Pro-se
4925 W. Stiles Street.
philadelphia, P.A. 19131.

(4)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WESSIE SIMS | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA, et al. | : | NO. 12-05486 |

ORDER

AND NOW, this 25th day of March 2015, upon consideration of Plaintiff's Motion for Altering Judgment (Doc. No. 29), it is hereby ORDERED that the Motion is DENIED.[1]

BY THE COURT:

/s/ Legrome D. Davis

Legrome D. Davis, J.

---

[1] Plaintiff seeks an order from this Court setting aside our initial judgment under Federal Rule of Civil Procedure 59 on the basis of "misrepresentation and fraud." (Pl.'s Mot. 1.) As we noted in our Order dated February 20, 2015, the time for a motion to alter judgment or a motion for reconsideration has lapsed. (See Order, Doc. No. 24.) Plaintiff asserts that the time period for such a motion never began to run because the Court did not enter judgment by a separate document as required by Federal Rule of Civil Procedure 58 (Pl.'s Mot. 4–6), but this analysis is unavailing. For this Court's February 5, 2013 Order, no separate document was necessary because the Order itself satisfied Rule 58. See United Auto. Workers Local 259 Soc. Sec. Dep't v. Metro Auto Ctr., 501 F.3d 283, 287 (3d Cir. 2007) ("An order is considered a separate document for purposes of Rule 58 if it satisfies three requirements: first, the order must be self-contained and separate from the opinion; second, the order must note the relief granted; and third, the order must omit (or at least substantially omit) the District Court's reasons for disposing of the parties' claims.") (citations omitted). For the January 10, 2013 Order dismissing the case as to Defendant City of Philadelphia, judgment was entered on June 11, 2013, after 150 days ran from the date of entry on the civil docket. See Fed. R. Civ. P 58(c)(2)(B); United Auto. Workers Local 259, 501 F.3d at 287. Well over a year elapsed between June 11, 2013 and the first of Plaintiff's spate of motions seeking to reopen this case. Thus, the time limitations under Federal Rules of Civil Procedure 59 or 60 preclude relief.

Wesie Sims
4925 W. Stiles ST
Phila PA 19131

7020





TO Clerk of Court "
the US Court of Appeals "
for the Third Circuit
601 market ST
Philadelphia PA 19106